HARRISON GRAVES *et al.*, plaintiffs in error, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Kane.*

A recognizance for the appearance of a person by the name of William H. Graves is not forfeited by an indictment against Harrison Graves, and his non-appearance. If the facts of the case warranted it, there should have been an averment in the *scire facias*, that Harrison Graves was the person who entered into the recognizance by the name of William H. Graves.

The recognizance sets out that William H. Graves, of the county of Du Page, and Jesse Graves and David Root, personally appeared before two justices of the peace of the county of Kane, and entered into a recognizance, conditioned that the said William H. Graves should appear at the next term of the Kane Circuit Court, &c. The recognizance is signed W. H. Graves. An indictment for larceny was found against Harrison Graves, at the December special term, 1848, of the Kane Circuit Court. At the same term of the Court, a default was entered against Harrison Graves and the others. The *scire facias* was against William H. Graves. On the return of the *sci. fa.*, Graves, by his counsel, filed a demurrer, which the Court, T. L. Dickey, Judge, overruled; and thereupon an order was entered, that execution should issue upon the judgment theretofore entered upon the forfeiture of the recognizance.

Graves and the others bring the cause to this Court, and assign for error the overruling of the demurrer to the *scire facias*, and that the judgment in the Court below is against the law, &c.

E. S. Leland and B. F. Fridley, for the plaintiffs in error.

B. C. Cook, district attorney for the ninth circuit, for the People.

Opinion by Treat, C. J.:

There is a fatal objection to the *scire facias*. The recognizance was conditioned for the appearance of William H. Graves. An indictment was presented against Harrison Graves, and a forfeiture of the recognizance entered for his non-appearance. This does not show any breach of the obligation. If the facts of the case warranted it, there should have been an averment in the *scire facias* that Harrison Graves was the same person who entered into the recognizance by the name of William H. Graves. As the *scire facias* shows no cause of action, the judgment must be reversed; but another *scire facias*, containing proper averments, may be prosecuted.

*Judgment reversed.*