WILLARD W. WOOD, Appellant, v. THE PEOPLE, Appellees.

APPEAL FROM SCOTT.

A declaration is unnecessary in the proceeding by *scire facias*, upon a forfeited recognizance.

The *scire facias* must show on its face, that the people are entitled to recover the amount of the forfeited recognizance, or it will be obnoxious to a demurrer. Its averments may be put in issue by plea. Any defense may, by the practice in this State, be interposed to it, which could be made to a declaration.

If a recognizance recites that the grand jury made "a presentment against a party for the crime of perjury," and it is conditioned for his appearance to "answer unto said presentment, according to law," such a statement may be understood as showing that an indictment was found.

THE *scire facias* in this case alleges that on, etc., before Thos. H. Flynn, sheriff of the county of Scott, who had full and competent authority as such, to take the recognizance, personally appeared Freeman Dunham as principal, and Willard W. Wood as security, and entered into the following recognizance, reciting it at length; the recognizance recites that, whereas, at the April term, A. D. 1853, of the Scott Circuit court, the Grand Jury of said county, elected, tried and sworn, by the authority of the people of the State of Illinois upon their oaths, a true "*presentment,*" made against the above named Freeman Dunham for the crime of perjury, upon which a *capias* was issued by order of said court, to the sheriff of said county, etc., commanding him to take, etc. That at the April term of said Scott Circuit Court, a judgment of forfeiture upon said recognizance was duly entered of record, etc. The judgment is then recited verbatim, and the order for summoning follows, directing the cognizors to show cause why execution should not issue, etc. The defendant Wood interposed a demurrer to the *scire facias*, assigning for cause, that the *scire facias* was taken to compel Dunham to appear and answer to a "presentment for perjury." At October term, 1854, of the Scott Circuit Court, WOODSON, Judge, presiding, the demurrer was overruled, and a judgment rendered on the *scire facias*.

M. McCONNEL, for Appellant.

D. A. SMITH, for the People.

TREAT, C. J. Our statute provides, that "It shall not be necessary to file a declaration in any *scire facias* to revive a judgment, or foreclose a mortgage, in any court of record in this State." As this provision is not broad enough to embrace a *scire facias* upon a recognizance, it is insisted that a declara

tion is necessary in such a proceeding. We need not inquire whether this is the practice in the English courts. It has been the uniform practice in this State, not to file a declaration in such cases, but to set forth the cause of action in the *scire facias*. The writ is regarded as both process and pleading. It contains the allegations essential to a valid declaration. The defendant answers it as he would a declaration. Many cases of the kind have been before this court, in which the only question presented was, whether the averments of the *scire facias* were sufficient to entitle the people to execution. See *Noble* v. *The People*, 4 Gilm. 433; *Graves* v. *The People*, 11 Ill. 542; *McFarlan* v. *The People*, 13 ibid. 9; *Thomas* v. *The People*, ibid. 696; *Bacon* v. *The People*, 14 ibid. 312. In this case, the defendant treated the *scire facias* as a pleading. If it performed the office of process only, the demurrer was improperly interposed. We would not be inclined to interfere with the practice uniformly prevailing in this State, even if it should be found upon investigation to be a departure from the English practice. It is a convenient practice, and one that cannot operate to the prejudice of cognizors. The *scire facias* must show on its face that the people are entitled to recover the amount of the forfeited recognizance, or it will be obnoxious to a demurrer. Its averments may be put in issue by plea. And any defense may be interposed which could be made to a declaration. The objection is therefore more a matter of form than of substance. The merits of the case are not in the least affected by dispensing with a declaration. A *scire facias* is a judicial writ based upon a matter of record, and is but a continuation of the previous proceedings in the case. It therefore does not fall within the statutory provisions, requiring declarations to be filed in original actions. We hold that a declaration is unnecessary in the proceeding by *scire facias* upon a forfeited recognizance. The same opinion has been expressed by the courts of other States. *Lasselle* v. *Godfrey*, 1 Black. 298; *Toulmain* v. *Bennett*, 3 Stewart and Porter, 220; *Brown* v. *Harley*, 2 Florida, 159.

The recognizance recites that the grand jury made a " presentment against Dunham for the crime of perjury;" and it is conditioned for his appearance to " answer unto said presentment according to law." It is contended that the obligation is void, because the only mode of prosecution for such an offense is by indictment. It is true that a party cannot be put upon his trial for perjury, except on an indictment regularly found by a grand jury. But the statements in the recognizance may well be understood as showing the finding of an indictment against Dunham. The term presentment is not improperly employed for that purpose. However this may be, the allegations of the

*scire facias* obviate any difficulty in the case. It is distinctly averred that the sheriff had full authority to take the recogniz-ance. Under this allegation, if put in issue, it would be com-petent to prove that Dunham was arrested on a capias, founded upon an indictment for perjury, and that the recognizance was entered into, to procure his discharge from such arrest. *McFarlan* v. *The People, supra.*

The *scire facias* showed a right in the people to execution for the amount of the recognizance, and the demurrer was therefore properly overruled.

The judgment is affirmed.

*Judgment affirmed.*