### FRANCIS LOWE v. THE STATE.

Where there was an indictment against Francis Lowe, on which a *capias* issued, which the Sheriff returned executed, with a bond signed by B. F. Low and sureties, to answer the charge, on which there was judgment of forfeiture *nisi*, and, after *scire facias*, final judgment by default, from which Francis Lowe and the sureties prosecuted this writ of error, the writ of error was dismissed as to the principal, on the ground of contumaciousness, and the judgment was reversed, and proceedings dismissed as to the sureties, on the ground that the bond did not appear to have been given by the person indicted.

Error from Guadalupe. Indictment against Francis Lowe for larceny of a steer, filed Nov. 14th, 1849 ; capias issued May 29th, 1850, for the body of Francis Lowe ; returned "came to hand the 19th August, A. D. 1850, and executed on the 21st day of August, A. D. 1850." Then followed a bond by B. F. Low, as principal, and the other plaintiffs in error, as sureties, reciting that indictment was pending against the above B. F. Low, &c. &c., for larceny, &c., and conditioned for said Low's appearance, &c. ; dated August. 23d, 1850 ; filed September

9th, 1850 ; October 28th, 1852, forfeiture *nisi* against Francis Lowe, and the sureties ; September 4th, 1854, *scire facias* issued for Francis Lowe and sureties, and returned served on the sureties only ; Nov. 3d, 1854, judgment by default against Francis Lowe and the sureties. Writ of error by Francis Lowe and the sureties on the bond of B. F. Low.

*J. Ireland*, for plaintiffs in error. I do not think the judgment can be sustained. (Graves v. The People, 11 Ill. R. 542.)

*Attorney General*, for defendant in error. I. Upon the principle and authority of the decision of the Supreme Court, in the case of Monroe Edwards v. The Republic of Texas, (Dal. 536,) the Attorney General moved to dismiss the writ of error as to the principal.

II. As to the sureties. The objection assigned by them, that there is no indictment to support the bond, requires but little attention. It seems to amount to a complaint that Lowe was indicted by the name of Francis, and that the bond is signed " B. F. Low." It is enough to reply, that this exception was not taken below, and if it had been, it could have been easily answered that both names described the same man.

WHEELER, J. In the case of Graves et al. v. The People, (11 Ill. R. 542) cited by counsel for the plaintiffs in error, it was held that a recognizance for the appearance of a person by the name of William H. Graves, is not forfeited by an indictment against Harrison Graves, and his non-appearance ; that if the facts of the case warranted it, there should have been an averment in the *scire facias*, that Harrison Graves was the person who entered into the recognizance by the name of William H. Graves. The present does not differ materially

from that case. The plaintiff in error, Lowe, was indicted by the name of Francis Lowe. The recognizance was entered into by B. F. Lowe; and forfeiture taken thereon against Francis Lowe and his sureties, without any averment that he was the same person who entered into the recognizance by the the name of B. F. Lowe. This, we think, was error, for which the judgment must be reversed as to the parties entitled to be heard upon this writ of error. But upon the authority of Edwards v. The Republic, (Dallum, 536,) the plaintiff in error, Francis Lowe, who is the party indicted, is not entitled to prosecute this writ of error by attorney. As to him, therefore, the writ of error must be dismissed. The judgment is reversed as to the other defendants.

Ordered accordingly.