# SUPREME COURT

OF

# I L L I N O I S.

## SECOND GRAND DIVISION.

### JANUARY TERM, 1867.

---

## EDWIN S. NORFOLK *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE — *sci. fa.* — *continuance.* In case a term of court is not held at the regular time, recognizances, like other proceedings, stand continued to the next term.

2. SAME — *demurrer* — *terms of court.* A demurrer to a recognizance only reaches matters appearing upon the record, and not matters outside of and not presented by it. The court cannot know judicially, on a demurrer, that a regular term of court was not held, or that a Special Term was held. The terms being fixed by law, it will be presumed they were held, and if not, the fact should be averred and proved, and so of holding a Special Term.

3. SAME — *forfeiture.* Under our statute the people are not bound to take a forfeiture at the first term, but if it is continued, a forfeiture may be had at a subsequent term. If the sureties wish to terminate their liability they have the power to do so, by surrendering their principal at the return term or in vacation. If court is not held at the term to which the recognizance is returnable, or if the cause is continued, a forfeiture may be subsequently had, and such an objection is not ground of demurrer.

WRIT OF ERROR to the Circuit Court of the county of Cumberland; the Hon. HIRAM B. DECIUS, Judge, presiding.

On the 16th day of February, 1865, Arthur Teader, with Edwin S. Norfolk and Benjamin G. Glenn, his bail, entered into a recognizance, for his appearance at the next term of the Circuit Court of Cumberland county, to be held in the ensuing month of March, to answer to a charge of larceny. It was duly approved and filed in the office of the circuit clerk, on the day it was executed.

Court was not held at the March Term, 1865, but a Special Term was held in the month of July, but no steps seem to have been taken in the case at that term. At the regular September Term, 1865, Teader was called and failed to appear, and the securities were called to produce their principal, but they severally failed, and a judgment by default was rendered against Teader and his sureties for the sum of two hundred and fifty dollars each, the sum named in the recognizance, and a *scire facias* was awarded to show cause why execution should not be had of the judgment.

A writ of *scire facias* was issued, returnable to the next term, and was served on Norfolk, but Teader and Glenn were not found. At the return term of the *sci. fa.* Norfolk and Glenn filed a demurrer to the *scire facias* which the court overruled, and defendants failing to plead, the court rendered a judgment against Norfolk and Glenn, to reverse which they now prosecute this writ of error.

Mr. JOHN SCHOLFIELD, for the plaintiffs in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is urged, that this judgment is erroneous, because a forfeiture was not taken at the term to which the accused was recognized to appear. That term was not held, and unless in such cases this proceeding, like others, stands continued, there is no authority to render a judgment of forfeiture. The third

section of the chapter entitled "Courts," (R. S. 143) declares, that, if from any cause the court shall not sit at any term, or shall not sit until all of the business of the term shall be disposed of and determined, all matters and causes pending in the court and undetermined, shall stand continued until the next succeeding term. This was most undoubtedly such a matter or cause as stood continued, under the provisions of this section.

The case, then, stood on the docket for trial, in precisely the same condition as other undisposed of causes. The demurrer only questions the sufficiency of such matters as appear upon the record itself, or such as are necessarily implied by the law. This *scire facias* shows the examination of the accused by a competent court of inquiry, the execution of the recognizance, its becoming a matter of record, and its forfeiture, at a regular term of the court. It, however, fails to aver that there was no March Term held in that year. Nor does it show that there was a July Special Term. The averment is, that a default was entered at the September Term, 1865. The regular terms of the Circuit Courts are fixed by law, and the courts in the State are bound to judicially know when they are required to be held, and, as the duty of holding them is imposed by law, the presumption will be indulged, that they were held at the time required, unless it is rebutted.

The court cannot judicially know that a regular term was not held, or that a Special Term had been called, and held in any circuit. They are facts that are not presumed to exist, and, although liable to occur, must be averred and proved when they do exist. This being so, the question is then fairly presented, whether the people were bound to take a forfeiture at the first term of the court held after the recognizance was executed. It seems, at the common law, to have been the practice to require the forfeiture to be taken on the day the accused was recognized to appear, or, at least, during the term. And, if our statute has not changed the practice, such might be held in our courts to be required. But, by the tenth section of the act entitled "Courts," before referred to, it is declared, that, if

the court shall fail to sit the whole of the term, and matters and causes pending in the court are not determined, or if all matters and causes are not determined at the end of the term, such matters or causes are declared to be continued to the next regular term. This case, being a cause, and pending and undetermined at the end of the March Term, fell fully within the provisions of the act, and was thereby continued till the next regular term, at which time the forfeiture was declared. It follows that the forfeiture was regularly taken, and the court committed no error in overruling the demurrer.

If the securities wished to release themselves from further liability, they only had to surrender their principal. This they could have done at any time, either in term or vacation. The continuance could, therefore, produce no injury to the bail, as they, if unwilling to be longer bound, could at the regular term or in vacation, before or after that time, have surrendered him to the sheriff. Having failed to do so, and the recognizance being an undetermined matter in court, it was continued, and the liability of the bail unaffected.

The judgment of the court below must be affirmed.

*Judgment affirmed.*