WESLEY M. STOKES *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE—*forfeiture of.* It has been held that, under our statute, the forfeiture of a recognizance may be taken at a term of court subsequent to that at which the prisoner is recognized to appear.

2. SAME—*variance in the name of the principal in the body of the recognizance, and as signed by him—pleadings and proofs in that regard.* In a proceeding by *scire facias* on a forfeited recognizance, the objection that the condition of the recognizance provided for the appearance of "A. M. Stokes," while the instrument was signed by "Wesley M. Stokes," is obviated by the averment and proof that Wesley M. Stokes was described in the recognizance, through mistake, as A. M. Stokes, and·that the true intent and meaning of the recognizance was to secure the appearance of Wesley M. Stokes.

3. SAME—*when execution may be awarded.* It was held, in the case of *Wheeler* v. *The People,* 39 Ill. 430, that, on a *scire facias* upon a joint and several recognizance, where service is had on one or more of the cognizors, and a simple return of *nihil* as to the rest, execution may be awarded against those served with process. But that case does not go to the extent of authorizing the award of execution without service, nor is there any warrant for such a judgment until there is service or two *nihils* as to those against whom judgment is rendered.

· WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. HENRY & FOUKE, for the plaintiffs in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that, in December, 1869, plaintiff in error, Wesley M. Stokes, was arrested by the name of "A. M. Stokes," on the charge of having forged the name of one Canlogue to an order on one Schaul for $22 worth of goods, which he obtained on the order. On an examination he was held to bail in the sum of

$500. He, with Wm. E. Stokes, entered into a recognizance for his appearance at the next term of the circuit court in the sum required. In the body of the recognizance he is described as "A. M. Stokes," but he signed it by the name of "Wesley M. Stokes." It was returned to the circuit clerk's office, and at the next March term he was indicted by the name of "Wesley M. Stokes," on the charge of forgery, as set forth in the affidavit. On the return of the indictment into court, bail was fixed at $300, and a *capias* was awarded for his arrest, but no arrest was made.

At the ensuing August term, the accused and his bail were called, defaulted, and a judgment of forfeiture entered against both recognizors on the bail bond entered into before the justice of the peace, and a *scire facias* was awarded against the principal and surety. A *sci. fa.* was issued to the next term of the court, and returned not found as to both defendants, and the court thereupon awarded execution on the judgment of forfeiture, and the record is brought to this court on error, and a reversal is asked.

It is first urged that a forfeiture of the recognizance could only be had at the term at which the accused had been recognized to appear, and that the court had no jurisdiction to declare a forfeiture at the next or any succeeding term. This question was settled in the case of *Norfolk* v. *The People*, 43 Ill. 9, where it was held that a forfeiture of a recognizance might be taken at a term of court subsequent to that at which the prisoner was recognized to appear. In this there was no error.

It is also urged that there was no recognizance upon which a forfeiture could be declared against Wesley M. Stokes or W. E. Stokes, as the recognizance was for the appearance of A. M. Stokes.

There is an averment in the *scire facias* that Wesley M. Stokes was described in the recognizance, through mistake, as A. M. Stokes, and that the true intent and meaning of the recognizance was to secure the appearance of Wesley M. Stokes.

It also appears that Wesley M. Stokes signed the recognizance in his proper name.

In the case of *O'Brien* v. *The People*, 41 Ill. 456, which was similar to the present, it was held that the mistake in the name by which the accused was described in the recognizance might be obviated by averment and proof. That decision was based upon the cases of *Graves* v. *The People*, 11 Ill. 542, and *Garrison* v. *The People*, 21 Ill. 535. These cases are in point, and govern the case at bar.

It fails to appear that either of the defendants in the *scire facias* was served, and it appearing that there was but one *nihil* as to either of them, it was error to render judgment awarding execution. If it was based on the case of *Wheeler* v. *The People*, 39 Ill. 430, it is a misconception of what that case decides. It was there said that, on a *scire facias* upon a joint and several recognizance, where service is had on one or more of the cognizors, and a return of *nihil* as to the rest, execution may be awarded against those served. It was there contended that judgment could not be rendered against those upon whom service is had until service or a return of two *nihils* against the others. But it was held that judgment might be rendered that execution be had against those who were served, on a simple return of *nihil* as to the others. This does not authorize the award of execution without service, nor are we aware of any case that would warrant such a judgment until there is service, or two *nihils*, as to those against whom judgment is rendered.

There was no service to authorize the award of execution in this case, and the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*