## Jonathan Peacock *et al.*

83    331
103a¹¹  84

*v.*

## The People of the State of Illinois.

1. Scire facias—*on recognizance, amendable.* A *scire facias* on a recognizance, being both process and declaration, is subject to the same rules of amendment as declarations in other cases. The proceeding is not criminal in its nature, but to enforce the payment of money due on a contract.

2. Same—*pleas of nil debet and denying execution not proper.* Where a recognizance is returned to and filed in the office of the clerk of the circuit court, it becomes a record of that court, and, therefore, pleas to a *scire facias* issued thereon, that the defendants did not make and execute the recognizance, and *nil debet*, are not proper.

3. Same—*amendment of sheriff's return to obviate plea.* If the sureties in a recognizance plead to a *scire facias* thereon, that there is no return of *nihil* indorsed on the writ as to the principal, the court may allow an amendment of the return, and thereby obviate the plea.

4. Same—*plea of duress.* A plea to a *scire facias* upon a recognizance, that, at the time of entering into the recognizance, the principal was not in the legal custody of the sheriff taking the same, upon any indictment, or upon any process of *capias* ordered to be issued against the principal by authority of law, is bad on demurrer, as no order is required for issuing a *capias* against one indicted, and as not showing wherein the imprisonment by the sheriff was unlawful.

5. Same—*duress of principal not good as to surety.* A surety can not plead the duress of his principal, in a recognizance, as a discharge of his own liability.

6. Same—*false representations.* A plea by the sureties to a *scire facias* on a recognizance, that the principal and sureties entered into the same under the false and fraudulent representations of the sheriff that the principal was then in his legal custody and confined in jail under due process of law, whereas such was not the fact, negativing the truth of the representations, is manifestly insufficient, as the representations relate to a legal question, of which the defendants are required to judge for themselves.

7. Same—*evidence under nul tiel record.* Under the plea of *nul tiel record* to a *scire facias* on a recognizance, if the recognizance of record and a judgment of forfeiture are given in evidence, this will be sufficient to authorize a judgment for the people.

8. Recognizance—*good without capias under an indictment.* Where an indictment is found, and the amount of bail fixed, and the accused voluntarily comes before the sheriff, without his having a *capias*, and enters

332          PEACOCK *et al. v.* THE PEOPLE.          [Sept. T.

Opinion of the Court.

into a recognizance for his appearance, the recognizance will be good and binding.

9. SAME—*void, if taken for too large a sum.* If a sheriff, in a criminal proceeding, takes recognizance for a larger sum than is fixed by the court, it will be a nullity; but this fact must be shown in defense.

10. BILL OF EXCEPTIONS—*papers copied by clerk not a part of the record.* If the clerk copies into the transcript of a proceeding by *scire facias* the bail fixed by the court, on the back of an indictment, it will constitute no part of the record without being incorporated into the bill of exceptions.

11. JUDGMENT—*of forfeiture of recognizance.* The proper course, on default in the performance of the conditions of a recognizance, is, to enter a judgment declaring the same forfeited. It is not required that it should be for the recovery of any sum of money whatever.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. N. C. WARNER, and Mr. L. F. WARNER, for the appellants.

Mr. J. C. GARVER, State's Attorney, for the People.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding by *scire facias* upon a recognizance. Judgment was rendered against the two sureties in the recognizance, from which they have appealed, assigning various errors. The recognizance was for the appearance of the principal to answer to an indictment for perjury.

There is no force in the objection that the court below allowed an amendment of the *scire facias* after a demurrer had been sustained thereto.

The *scire facias* is regarded as both process and a declaration, and we do not see why it should not be subject to the same rules of amendment as declarations in other cases. The proceeding is not of a criminal character, but one to enforce the recovery of a sum of money accruing, due upon a contract. *Wood* v. *The People*, 16 Ill. 171; *Lawrence* v. *The People*, 17 id. 172; *Conner* v. *The People*, 20 id. 381; *Jackson* v. *Tanner*, 18 Wend. 526.

There were several pleas of the· defendants to the *scire facias*, to which the court sustained demurrers, and error is assigned in this respect. One plea was, that the defendants did not make and execute the recognizance; another, *nil debet.*

By returning the recognizance to the office of the clerk of the circuit court, and filing it in that office, it became a record of that court, and the action is thus one upon a record, and these are not proper pleas, as this court has heretofore decided. *Johnston* v. *The People*, 31 Ill. 469; *The People* v. *Watkins*, 19 id. 117.

Another plea was, that there was no return of *nihil*, as to the principal, indorsed on the *scire facias*. The objection taken by this plea was obviated by the sheriff's amendment of his return on the *scire facias*, by leave of the court, so as to show that the principal was not found in the sheriff's county. Objection is taken to the amendment of the return, as being too late to be available, as the demurrer to the plea had been filed May 16, 1874, and the amendment of the return was made October 29, 1874. The order sustaining the demurrer was made on that same day—October 29, 1874. The return was to be taken as it appeared at the time the court passed upon the demurrer, and not as it was at the time of the filing of the demurrer. At the time the court passed upon the demurrer and sustained it, there appeared a return of *nihil* as to the principal, and there was no foundation for the plea. We think the amendment was properly allowed and the demurrer rightly sustained. *Heslep* v. *Peters*, 3 Scam. 45.

Another plea alleged that, at the time of entering into the recognizance, the principal was not in the legal custody of the sheriff who took the recognizance, upon any indictment for perjury, or upon any process of *capias* ordered to be issued against the principal by authority of law, and that the recognizance was entered into by the principal under duress of the sheriff, and that the principal and sureties entered into the recognizance under the false and fraudulent representations of the sheriff that the principal was then in the legal custody of the sheriff, and was then confined in the jail of the county by

due process of law; that, in reliance upon such false and fraudulent representations, they were induced to enter into the recognizance; whereas, the principal was not, at the time, in the legal custody of the sheriff, and was not then confined·in the jail of the county upon due process of law.

There is somewhat of confusion in this plea. The *scire facias* distinctly avers the finding of an indictment for perjury against the principal, an order of court fixing the amount of bail·at $400, and that the principal was in the legal custody of the sheriff upon a process of *capias* issued upon the indictment. This showed authority in the sheriff to take the recognizance. The first branch of the plea, which seems in its purport to assail such authority, contains no direct denial of the authority, nor does it distinctly traverse any one of the alleged facts in the *scire facias* showing such authority, but only, in this respect, denies that the principal in the recognizance was in the lawful custody of the sheriff upon any process of *capias* ordered to be issued against the principal by authority of law. This might be, and yet the sheriff have a *capias* in his hands authorizing him to arrest, and take the recognizance. There is no authority of law requiring any order to be made for the issuing of a *capias*. It is for the clerk to issue the *capias* upon the finding of an indictment, without any order for the purpose; and we are disposed to hold that, in such case, where indictment is found and the amount of bail fixed, and the accused voluntarily comes before the sheriff, without his having a *capias*, and enters into a recognizance for his appearance, it is not for the cognizor to defeat his obligation by plea of the want of a *capias* in the officer's hands. The purpose of the *capias* is but for to take the defendant into custody, and such appearance before the sheriff and giving of a recognizance may well be regarded as a virtual surrender of one's self into custody, and dispensing with the issue of any *capias*.

As to the duress portion of the plea, it is bad in not averring facts to show that the imprisonment by the sheriff was unlawful, and the surety can not plead the duress of his principal

as a discharge of his own recognizance. *Plummer* v. *The People*, 16 Ill. 358; *Huggins* v. *The People*, 39 id. 241.

The last branch of the plea, setting up false and fraudulent representations, is manifestly insufficient. So far as would seem, it was a legal question whether the principal was in the legal custody of the sheriff, or was confined in jail upon due process of law. For aught that appears, the defendants might as well judge in the matter as the sheriff, and they were not entitled to rely upon his representations in that respect. We find no error in sustaining the demurrers to the pleas.

There was, further, a plea of *nul tiel record*, upon which issue was joined and a trial had. It is insisted that the issue upon this plea should have been found for the defendants, because of a variance, inasmuch as the *scire facias* recited an order to hold to bail in the sum of $400, whereas the order was to take bail in the sum of $200; and that the recognizance was void on account of having been taken in a larger sum than that required by the order to hold to bail.

In the case of *Waugh* v. *The People*, 17 Ill. 561, where such fact was set up by plea, on demurrer thereto, it was held, that, where a sheriff, in a criminal proceeding, takes bail for a larger sum than is directed by the court, the recognizance is a nullity. Upon the back of the indictment which the clerk of the circuit court here has copied into the transcript of the record, there does appear an indorsement, under the hand of the circuit judge, to hold to bail in the sum of $200, and the recognizance is in the sum of $400; but the indictment and indorsement upon it, although copied by the clerk into the transcript, constitute no part of this record. This suit by *scire facias* is for the recovery of a debt of record, and is a distinct proceeding from the criminal proceeding out of which it arises. *The People* v. *Phelps*, 17 Ill. 200.

The indictment, or the indorsement on it, was not introduced in evidence. The bill of exceptions taken shows that only the recognizance of record and judgment of forfeiture were given in evidence. These were sufficient, under this plea, to authorize judgment of execution. *The People* v. *Witt*, 19

Ill. 171. The question which is thus sought to be raised does not arise upon this record, and can not be considered.

It is objected to the judgment of forfeiture, that it was not for the recovery of any sum. of money whatever. This was not required. The proper course, on default in performance of the condition of a recognizance, is to enter a judgment declaring the same forfeited. *The People* v. *Witt, supra; The People* v. *Watkins*, 19 Ill. 117. This was done in this case.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*