## JOHN GALLAGHER *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE—*may be forfeited at succeeding term.* Where the cause in which a party is recognized to appear for trial is not tried, but continued by order, or by operation of law, a forfeiture may be declared, even though two terms have elapsed from the term to which the principal was required to appear.

2. SAME—*construed as to requiring appearance at succeeding term.* A recognizance, conditioned that the principal shall be and appear before the court, etc., on the first day of the term thereof, to be holden at, etc., to answer unto a certain crime, (stating it,) and abide the order of the court, and not depart without leave, requires the accused to appear on the first day of the next term, and from day to day during the term, and from term to term, and from day to day of each term, until the final sentence or order of the court, to answer the specified charge.

3. SAME—*payment of costs essential to setting aside forfeiture.* The statute provides that no forfeiture of recognizance shall be set aside until the accused shall have paid all costs made on the recognizance. An offer to pay is not a literal compliance with this provision; and even if the court has the power to permit the costs to be paid after the entry of a motion to set the forfeiture aside, the statute has made the setting the same aside discretionary.

4. CRIMINAL LAW—*defendant's right to discharge at third term.* A defendant in an indictment, under bail, to be entitled to his discharge from bail and prosution at the third term of the court, must appear and demand his trial at such term. Where the record fails to show that the various continuances were had on the application of the People, or that the defendant was present and ready for trial, this court can not say he was entitled to be discharged.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. SOMERS & WRIGHT, for the plaintiffs in error.

Mr. J. K. EDSALL, Attorney General, and Mr. M. W. MATTHEWS, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Gallagher, plaintiff in error, was indicted, at the September term, 1874, of the Champaign circuit court, for selling liquor to minors. He, at the same term, with McCann, entered into a recognizance for his appearance at the next term, and to abide the order of the court, and not depart therefrom without leave. The recognizance was in the penalty of $300.

At the September term, 1876, the court, on motion of the State's Attorney, declared a forfeiture of the recognizance, and a *scire facias* was awarded. Thereupon, the writ was issued, and served on the recognizors on the 1st day of February, 1877. At the following March term, on the 6th day of April, defendants, having failed to plead, were defaulted, the judgment of forfeiture was made absolute, and execution awarded.

On the 9th of April, 1877, defendants entered their motion to set aside the forfeiture entered at the previous term and the default entered at that term, but the court overruled the motion, and the record is brought to this court on error.

It is, first, urged that the court erred in granting a forfeiture at a term subsequent to that named for the appearance of accused, as there was no undertaking for his appearance at any future term; that the court had no power to render a forfeiture, except on a default at the term named in the recognizance, and, as that term had passed, and two other terms had intervened, the order was made without authority of law.

A forfeiture of a recognizance, similar to the one under consideration, was taken at a term subsequent to that named for defendant's appearance, in the case of *Norfolk* v. *The People*, 43 Ill. 9, and it was held that the forfeiture was good,— that the legal effect of such a recognizance was, that if the case was not disposed of at that term, it might be continued as other unfinished business.

The same rule is announced in *Stokes* v. *The People*, 63 Ill.

489.   In this case, the cause was continued, if not otherwise, by operation of the statute, as unfinished business.

Defendant might have appeared, or his recognizor might have surrendered him at the term to which he was recognized to appear, or any of the succeeding terms, or in vacation, at any time before a forfeiture, and had the recognizance discharged.   This afforded them ample opportunity to have avoided a forfeiture, but they failed to avail of it, and have no right to complain.

It is, however, urged that this recognizance is not conditioned according to the 297th section of the Criminal Code.   We fail to perceive that the objection, in fact, exists.   As construed under the previous requirements of the statute, this recognizance does require all that is imposed by the statute. Although not within the recognizance, in terms, the accused was, under the decisions referred to, required to appear on the first day of the next term, and from day to day during the term, and from term to term, and from day to day of each term, until the final sentence or order of the court, and to answer the specified charge.   Had all that is enumerated in that section been incorporated in the recognizance, it, in legal effect, would have been only the same as it now is, and no more.   The statute gives no form, but requires that it shall be so conditioned as to require of the accused the performance of the enumerated acts.   This being so, the form or language employed is immaterial, if it is sufficient in legal effect; and the language employed in this case has accomplished that object, the requirement of the statute is satisfied and the recognizance sufficient.

It is, again, urged that, under the 438th section of the Criminal Code, Gallagher was entitled to be discharged at the third term after bail was given, and that he was not required to appear at the term at which the forfeiture was taken.   The record presents no grounds to support this objection.   There is nothing to show that the various continuances were had on

22—88 ILL.

the application of the People, or that accused was present, ready for or demanding a trial.

This section provides for two classes of cases—the first provides for persons imprisoned and not admitted to bail, and the other for persons not imprisoned, but under bail. The case of *Brooks* v. *The People, ante,* p. 327, fell within the provisions relating to persons not under bail, but imprisoned; and it was held, the accused was entitled to be released from confinement at the fourth term, and could not be required to go to trial, and it was error to put the prisoner on trial at the fourth term, unless he had applied for a continuance at one of the previous terms of the court; but this section only authorizes the accused, who is under bail, to demand a trial, and, if not granted at the third term, to be discharged from bail and prosecution under the indictment then pending. It does not provide that he shall be unconditionally discharged at the third term, but only on condition that accused shall demand and be refused a trial at that term. Hence, this case is unlike *Brooks* v. *The People, supra,* which does not govern this case.

It is claimed that the court below erred in not setting aside the forfeiture entered at the previous term. It is said the principal in the recognizance was sick at that term. The 310th section of the Criminal Code expressly provides that no such forfeiture shall be set aside until the accused shall pay the costs of such recognizance. An offer to pay is not a literal compliance with this provision; and even if the court had the power to permit the costs to be paid after the entry of the motion, still, the statute has made the setting aside of the default discretionary with the court, and a refusal to permit them to be so paid was not such abuse of the discretion as to require a reversal. Plaintiffs in error did not pay the costs, and hence they did not legally entitle themselves to have the forfeiture set aside.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY, dissenting:

Former statutes required the condition of a recognizance in such case to provide simply that the accused should appear and answer to the charge at a given term, to be named in the recognizance, and not depart the court without leave. Under such recognizance, it was held by this court that the surety was bound for the appearance of the accused, not only during the term named in the recognizance, but from term to term, until discharged by order of the court. (*Norfolk* v. *The People,* 43 Ill. 9, and *Stokes* v. *The People,* 63 id. 489.) The statute afterwards passed, and now in force, requires such recognizance to be "so conditioned as to bind the accused" to appear at the court on the first day of the next term thereof to be holden in the county (specifying the time and place of holding the same), "from day to day and *from term to term,* and from day to day of each term," until the final order of the court, and to abide such final order, and not depart without leave.

To my mind, the object of this modification of the statute on this subject was, to protect the bail from being entrapped into an undertaking not expressly stated in the recognizance. This amendment is a remedial statute. The evil to be remedied was, that under the law, as declared in the cases *supra,* an unlearned person becoming bail in the old form was very liable to be misled by the terms of the recognizance as to the scope of his undertaking, and to suppose that he was undertaking merely for the appearance of the accused, from day to day, during the first term of the court. To prevent such misapprehension, the statute requires that the undertaking of the bail shall be fully and specifically stated in the condition of the recognizance. In this case, the condition of the recognizance says nothing on the subject of the appearance of the accused beyond the term next after the taking of the recognizance. It does not follow that the recognizance is void, but I think it does follow that the liability of the bail upon the recognizance is not to be extended, by construction, beyond

the express undertakings actually incorporated in the condition of the recognizance.

Upon this construction of the recognizance, the bail is not shown to have failed in his undertaking.