JOHN GALLAGHER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE—*validity.* It is not necessary to the validity of a recognizance that it shall contain *every condition* provided in the statute. It is good for the conditions found in the statute that are also embodied in the recognizance.

2. SAME—*effect of condition to appear, etc.* A condition in a recognizance that the principal shall be and appear before the circuit court of, etc., on the first day of the March term, etc., and then and there answer and abide the order and judgment of said court, etc., is sufficiently broad to require his appearance from time to time and from term to term until the case is disposed of.

3. DEFAULT—*setting aside, discretionary.* The setting aside of a default is a matter within the discretion of the court, and unless it appears affirmatively that that discretion has been abused, this court will not disturb the ruling below. It is properly refused where due diligence in presenting the defence is not shown.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

On the 26th of September, 1876, the following writ of *scire facias* was issued by the clerk of the circuit court of Champaign county.

"STATE OF ILLINOIS, } ss.
    *Champaign County.* }

*The People of the State of Illlinois to the Sheriff of said county—
    Greeting :*

" Whereas, at the September term, 1874, of the circuit court, in said county of Champaign and State aforesaid, John Gallagher was indicted by the grand jury, having lawful authority, for the crime of selling liquor to minors ; which said indictment was duly presented by said grand jury at said term in open court, which then and there became matter of record ; at which said term of said court it was ordered by said court that the said John Gallagher be held to bail in the sum of $300, and recognizance for that amount required ; and, whereas, the said John Gallagher, as principal, and Patrick McCann, as security, then and there, to-wit, on the 2d day of October, A. D. 1874, in open court, came and acknowledged themselves jointly indebted to the people of the State of Illinois in the penal sum of $300, to be levied and collected out of the goods and chattels, lands and tenements, of the said John Gallagher and Patrick McCann, conditioned that the above John Gallagher shall personally be and appear before the circuit court of said county on the first Monday of March, 1875, being the March

term, A. D. 1875, and then and there answer and abide the order and judgment of said court touching the matter of indictment, then, in that case, said recognizance shall become void, otherwise to be and remain in full force and virtue; and which said recognizance then and there became a matter of record.

"And afterwards, to-wit, at the September term, A. D. 1876, of the circuit court, begun and held in the court house, in said county of Champaign, the matter of said indictment against the said John Gallagher, for selling liquor to minors, coming on to be heard, the said people appearing by the State's attorney, and the said John Gallagher being three times solemnly called, came not, as by recognizance bound to do, but herein made default; and the aforesaid surety being three times solemnly called to deliver the body of the aforesaid John Gallagher, failed herein and made default; therefore, it was ordered by the said court, at the said term thereof, that judgment of forfeiture be taken of the said recognizance, and that *scire facias* issue against the said John Gallagher and Patrick McCann, said recognizance being still in full force and unsatisfied.

"We, therefore, command you to summon John Gallagher and Patrick McCann, if to be found in your county, to be and appear on the first day of the next term of the circuit court, at the court house in the said county of Champaign, commencing on the first Monday of March, 1877, and show cause, if any they can, why the aforesaid judgment of forfeiture shall not be made absolute and execution shall not issue in favor of the people according to the force, form and effect of said recognizance; and of this make due service and lawful return."

This writ was duly signed by the clerk and sealed with the seal of the court, and at the March term, 1877, of the court, was returned by the sheriff of that county as duly served upon Gallagher and McCann, by reading to them, on Feb. 1, 1877.

At that term, and on the 6th day of April, 1877, the defendants, being called, failed to appear, and judgment was rendered by default against them for the sum of $300 and costs.

On the 9th day of April, at the same term, motion was made to set aside the forfeiture and judgment by default. This motion, on the 10th of April, was overruled by the court, and defendants excepted. On the motion to set aside the default, the affidavit of Gallagher was read, stating that at the September term, 1876, when the forfeiture of the recognizance was taken, he was confined to his bed with sickness and unable to be out of his house or attend court, and that he was absent at that time for no other reason, and had been sick for a long time before that with typhoid pneumonia; and that on the first day of the March term, 1877, he requested Mr. Wright, a lawyer practicing in that court, to attend for him to the suit against him upon this recognizance, and prepare the necessary papers, and that Wright said he would, and that he (affiant) supposed that Wright was attending to the matter for him, until after the judgment was rendered by default. This affidavit stated the belief of affiant that he was not guilty of the offence with which he was charged in the indictment mentioned in the recognizance, and that he had attended and was ready for trial every term of court since the recognizance was taken, except the September term of 1876.

Mr. Wright's affidavit was also filed, in which it is stated that when Gallagher (as it seems from Gallagher's affidavit) spoke to him about attending to this proceeding on the recognizance, he (Wright) understood him to refer to proceedings that were pending in the court upon a recognizance by one Boggy, for whom Gallagher was surety, and that he was not aware that a default had been entered upon this recognizance or that a *scire facias* had been sued out upon it; that he had, for a long time, been the attorney for Gallagher, attending to his business, and that he had looked over the docket of the people's causes at this term for the purpose of calling his attention to such matters as his clients were interested in, and that there was no cause upon that docket against Gallagher, upon a *scire facias* in this case, and that he is informed that this case, at the April term, 1877, was not docketed, but that

the writ of *scire facias* upon its return was placed among the papers relating to the indictment against Gallagher, and was not docketed as a separate suit; that if it had been docketed in the regular way his attention would have been called to it, and the defence of Gallagher would have been interposed.

Defendants bring the case to this court upon a writ of error.

Plaintiffs assign for error, 1st, that the recognizance is not conditioned as required by law.

2d. The court erred in giving judgment of forfeiture at the September term, 1876.

3d. The *scire facias* is insufficient, and so is the service.

4th. That the court erred in overruling the motion to set aside the judgment by default on the *scire facias.*

It is insisted by the plaintiffs in error that the recognizance is void because it is not conditioned as required by law. The statute on the subject of recognizances in criminal cases says: " The recognizance, except where otherwise provided, shall be so conditioned as to bind the accused to appear at the court having jurisdiction of the offence on the first day of the next term thereof to be holden in the county (specifying the time and place of holding the same), * * * and from term to term, and from day to day of each term, until the final sentence or order of the court, to answer for the offence charged, * * and to abide such final sentence or order, and not depart without leave." * * (Rev. Stat. 1874, 396.)

The condition of the recognizance as set out in the *scire facias* is, that the accused " shall personally be and appear before the circuit court of said county on the 1st Monday of March, 1875, being the March term, A. D. 1875, and then and there answer and abide the order and judgment of said court touching the matter of indictment, then in that case said recognizance shall become void."

Messrs. SOMERS & WRIGHT, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, and Mr. M. W. MATHEWS, State's Attorney, for the People.

Per CURIAM:    The majority of the court are of opinion that this judgment should be affirmed.

It is first insisted that this recognizance is not conditioned as required by the statute.    We are of opinion that it is unnecessary to the validity of a recognizance, that it should contain *every condition* which is provided in the statute.    It is good for the conditions found in the statute, that are also embodied in the recognizance.

Under the former statute on the subject of recognizances it was held by this court, that bail, entering into a recognizance for an offender conditioned that he should appear at a given term of the court to answer a given charge, and not depart the court without leave, took upon himself an obligation that the accused would attend from time to time, and from term to term, until the final order of the court, as long as the case was continued from term to term.    The present statute requires no more.    The statute simply states, more in detail, the legal effect which was declared by this court to attach to recognizances in the form in use before the passage of the act of 1874.    (*Gallagher* v. *The People,* 88 Ill. 335.)

The recognizance in this case contains a condition that the accused shall personally be and appear before the court on the 1st day of the March term, 1875, and then and there answer, etc., and abide the order of said court, etc.

Adopting the line of construction in this case which was adopted by this court in *Norfolk* v. *The People,* 43 Ill. 9, and in *Stokes* v. *The People,* 63 Ill. 489, we are of opinion that the language of this recognizance is sufficiently broad to require the appearance of the accused from time to time, and from term to term, so long as the proceeding in which he was charged was continued.

We have held that a recognizance of this character imposes that obligation under the statute of 1874.    We must, therefore, hold the *scire facias* in this case to be sufficient.

We also think that the appellant failed to show due diligence in presenting his defence in the court below, and there-

fore was not entitled to have the judgment by default upon the *scire facias* set aside upon his motion. The setting aside of a default is a matter within the discretion of the circuit court, and unless it appears affirmatively that that discretion has been abused, this court will not disturb its determination.

*Judgment affirmed.*