## L. N. CASSADAY *et al.* v. THE STATE.

1. MISDEMEANORS — JURISDICTION. — Under the present Constitution and laws, District Courts have no jurisdiction of indictments for misdemeanors not involving official misconduct.

2. SAME. — Process for defendants in such cases is not issuable by district clerks; but the indictments are required to be certified to the County Courts for trial, and from them the process issues.

3. SAME. — Process issued in such cases by a district clerk is void, and an appearance bond taken in pursuance of such process is a nullity. Consequently, judgments *nisi* and final, based on such process and bond, will be set aside on appeal.

4. BAIL-BONDS IN COUNTY COURTS. — *Scire facias* on a forfeited bail-bond is a proceeding of a criminal nature. A County Court cannot, at its term for civil business, render judgment in such a proceeding.

5. VARIANCE. — Defendant was indicted as Clay Fulton, Jr.; the appearance bond was signed by H. C. Fulton as principal; and forfeiture was taken against Clay Fulton and his sureties, without proper averment identifying these names. The sureties prosecute their writ of error to judgment final entered against them by default. *Held*, that the unexplained discrepancies in the names are error apparent of record.

ERROR from the County Court of Atascosa. Tried below before the Hon. W. H. SMITH, County Judge.

The opinion states the case.

*Clark & Dyer*, for the appellants.

*H. H. Boone*, Attorney-General, for the State.

WHITE, J.   An indictment was presented by the grand jury of Atascosa County against one Clay Fulton, Jr., for embezzlement of a shawl of the value of $4.   This indictment was returned into the District Court on September 12, 1876, and on September 21, 1876, *capias* issued, under order of the District Court, to McLennan County, for defendant's arrest.   On October 26, 1876, the *capias* was executed by the sheriff of McLennan County, who arrested defendant; and on November 11, 1876, bond was taken by said sheriff, which bond was signed by H. C. Fulton and these appellants, and was conditioned for the appearance of said Clay Fulton before the District Court of Atascosa County on the first Monday in January, 1877.

The record does not show how the case found its way into the County Court, where the indictment, *capias*, and bail-bond all appear to have been filed on January 22, 1877.   Having reached the County Court, however, the bail-bond was forfeited in that court on the non-appearance of defendant on February 5, 1877, and judgment *nisi* was rendered against Clay Fulton and these appellants as his sureties.   *Scire facias* upon this judgment was issued against the sureties, and "on the third Monday in May, 1877, being the time prescribed by law for holding a term of said court for civil business," the cause was again called for trial, and the judgment *nisi* was made final.

The indictment could not have been brought under the provisions of the act of May 25, 1876 (Gen. Laws Fifteenth Legislature, 9), because that act was not in

force at the time the indictment was filed, to wit, September 12, 1876, and did not take effect until ninety days after the adjournment of the Legislature. The Legislature adjourned on August 21, 1876. It must have been brought under article 771 of the Penal Code (Pasc. Dig., art. 2421).

The Constitution provides that "grand juries impaneled in the District Courts shall inquire into misdemeanors, and all indictments therefor returned into the District Courts *shall forthwith* be certified to the County Courts, or other inferior courts having jurisdiction to try them, for trial." Const., sec. 17, art. 5. The transfer of all such cases is required to be made at the end of each term of the District Court (Gen. Laws Fifteenth Legislature, 135); and this act, which was approved August 12, 1876, was in force when the indictment in this case was found. The case, being a misdemeanor, should have been transferred, in accordance with the provisions of the law, to the County Court (Gen. Laws Fifteenth Legislature, 18, sec. 3), and the process for the arrest of the defendant should have been issued from that court.

Under the changes which have taken place in our law, the District Courts have no jurisdiction in indictments which are for misdemeanors *per se*, except those involving official misconduct. Const., sec. 8, art. 5. The District Court having no jurisdiction of the case at bar, the *capias* issued by the district clerk for the arrest of the defendant was without authority of law, and was, consequently, a nullity. If the *capias* was a nullity, it follows that the appearance bond taken in pursuance of such void process must itself be void.

But again, suppose the *capias* had been legally issued, the case would still have to be reversed for another error apparent upon the record. The defendant was indicted by the name of Clay Fulton, Jr. The appearance bond was executed by H. C. Fulton, and forfeiture was taken thereon

against Clay Fulton and his sureties, without any averment that he was the same person who entered into and who executed the bail-bond by the name of H. C. Fulton. *Lowe v. The State*, 15 Texas, 141; citing *Graves v. The People*, 11 Ill. 542.

Again: "A suit on a forfeited recognizance (or bail-bond), conditioned for a party's appearance to answer an indictment, it has been held, is not a civil action." *Commrs. v. County Commrs.*, 8 Serg. & R. 151. It is, it is said, of a criminal nature. *Gay v. The State*, 20 Texas, 504. If a criminal case (and such is the opinion of the Supreme Court and this court), then a judgment in the County Court during a term for " civil business " was *coram non judice*, and void.

For the reasons above stated, the judgment of the County Court must be reversed, and because the process by virtue of which the defendant was arrested and compelled to give bond was without authority of law and void, the *scire-facias* case is also dismissed.

*Dismissed.*