## CHARLES WALTER *v.* THE STATE.

BAIL-BOND — PRACTICE. — It was error, as against one surety on a bail-bond, to render judgment final against him and his principal, without making any disposition of the case as to another surety, against whom judgment. *nisi* had been taken and *scire facias* awarded.

APPEAL from the District Court of Guadalupe. Tried below before the Hon. E. LEWIS.

A very excellent brief and argument was filed for the appellant, but the name of no counsel is appended to it.

Probably its authors were John Ireland and W. H. Burges,. Esqs., who were counsel for the defence in the court below.

*Thomas Ball,* Assistant Attorney-General, and *W. B.. Dunham,* for the State.

WINKLER, J.   This is an appeal from a final judgment. on a forfeited bail-bond.   The bond is signed by C. R. Walter, Ch. Walter, and G. A. Walter.   The bond recites that *Russell Walters* stands charged, etc., of theft committed by Russell Walters, and that Russell Walters as principal, and Charles Walters as *sureties,* acknowledge, etc., and: conditioned that the said Russell Walters will appear, etc. The judgment *nisi* is rendered against Russell Walter, Charles Walter, and George A. Walter, and *scire facias* was ordered to the sureties, Charles Walter and George A. Walter.   *Scire facias* issued to Charles Walter.   The record does not disclose whether any process was ever served on the other surety or not.   Charles Walter appeared, and excepted to the *scire facias,* but raised no question as to the service, and answered thereto.   The final judgment is against Russell Walter and Charles Walter for $500 and costs, and an execution was ordered.   This is the judgment appealed from by Charles Walter.   Somewhere between the rendition of the judgment *nisi* and the judgment final, George A. Walter (or Walters, for it seems not to have been deemed a matter of any importance whether the final *s* was used or omitted) disappears from view.

The first error assigned is, that "no judgment could be rendered against the appellant, because the bond was never signed by the principal, nor does it purport to have been ; nor is there any plea or proof that C. R. Walter meant, or was intended for, Russell Water."   The seventh is, that "there are signed to said bond the names of three, and the record does not disclose what disposition was made of the case as to George A. Walter, or G. A. Walter."   Either·

of these errors is of sufficient importance to require a reversal of the judgment, so far as the appellant is concerned.    *Lowe* v. *The State*, 15 Texas, 141; *Wills* v. *The State*, 4 Texas Ct. App. 613.

Counsel for the State cites *Dodd* v. *The State*, 2 Texas Ct. App. 58, in support of the action of the court below, but the case is not in point.   The controversy in that case was over a middle initial in the name of the appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*