### J. B. LOVING AND J. L. CRABTREE *v.* THE STATE.

BAIL-BOND was signed by "J. T. Crabtree" as principal, and J. L. Crabtree as a surety. Indictment was subsequently returned against "John Crabtree" and another. On default of John Crabtree to appear, judgment *nisi* was rendered on the bond. *Scire facias* issued, but failed to allege that John Crabtree was the same person who signed the bond as J. T. Crabtree. The surety, J. L. Crabtree, moved to quash *scire facias.* Held, that the *scire facias* was fatally defective.

ERROR from the District Court of Cooke. Tried below before the Hon. J. A. CARROLL.

*C. C. & C. L. Potter*, for the plaintiffs in error.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The bail-bond for Crabtree's appearance was signed by the principal with his initials, thus: " J. T. Crabtree.'' The indictment afterwards returned by the grand jury was against one Riddle and John Crabtree jointly. Upon default of John Crabtree to appear and answer the indictment when the same was called for trial, judgment *nisi* was rendered upon the bail-bond, and *scire facias* issued to the sureties. There is no allegation in the *scire facias* that John Crabtree was the person who entered into the bail-bond under the name of " J. T. Crabtree.'' Such averment was necessary to the validity and sufficiency of the *scire facias*. *Lowe* v. *The State*, 15 Texas, 141; *Cassaday* v. *The State*, 4 Texas Ct. App. 96; *Walter* v. *The State*, 6 Texas Ct. App. 254.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HURT, J., having been of counsel in the court below, does not sit in this case.