[No. 1446.]

## J. A. WEAVER v. THE STATE.

1. SCIRE FACIAS—INDICTMENT—EVIDENCE.—BAIL BOND was signed "W. F. Torlet;" the indictment was against "W. T. Torbert," and the judgment *nisi* was against "W. F. Torbett." Objection to these instruments as evidence was urged upon the ground that the bond was not forfeited by an indictment against "W. T. Torbert," the bond signed by the appellant being executed by "W. F. Torlet," and there was no allegation in any of the pleadings that "Torbert" and "Torbett" were the same person who signed the bond as "W. F. Torlet." *Held*, that the indictment and bond were erroneously admitted in evidence.

2. SAME.—In the absence of a proper averment to that effect, the trial court erred in permitting a State's witness to testify that "W. F. Torbett" signed the bond as "W. F. Torlet."

APPEAL from the District Court of Hopkins.    Tried below before the Hon. G. J. Clark.

The indictment was against W. F. Torbett for the theft of two horses.    The opinion otherwise discloses the case.

*Hunter, Putnam & Crawford*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.    The bail bond was signed by W. F. Torlet, the in-

dictment was against W. T. Torbert, and the judgment *nisi* was against W. F. Torbett. The appellant Weaver, the surety, pleaded a general denial. On the trial the State introduced the indictment and bond, over the objections of the defendant Weaver. Weaver objected to the introduction of these documents, upon the ground that the bond is not forfeited by an indictment against W. T. Torbert, the bond signed by him being executed by W. F. Torlet, and not W. T. Torbert, and that there is no allegation in the *scire facias* or other pleading that Torbert and Torbett was the same person who entered into the bond by the name of W. F. Torlet.

Were the indictment and bond properly admitted, there being no pleading averring the identity of the person? We think not. For the same reason we are of the opinion the court erred in permitting the State to prove by John R. Ferguson that W. F. Torbett signed the bond as W. F. Torlet. (*Lowe* v. *The State*, 15 Texas, 141; *Cassady* v. *The State*, 4 Texas Ct. App., 56; *Graves* v. *The People*, 11 Ill., 542.) The other assignments we do not think well taken. For the errors above noted the judgment is reversed and the case remanded.

*Reversed and remanded.*

Opinion delivered November 15, 1882.