## WILLIAM N. LEWIS ET AL.
## v.
## THE PEOPLE, ETC.

1. RECOGNIZANCE—SECOND UNDER PRIOR ORDER.—Where a defendant in a criminal proceeding is held over for trial to the next term of court and under that order enters into recognizance with sureties to appear, and on failure to appear such recognizance is declared forfeited and is paid and satisfied by the sureties, the order of court is not exhausted, and on the defendant coming into the sheriff's possession subsequently, a second recognizance taken by the sheriff under the same order and in the same amount of bail will be valid.

2. PRACTICE.—The objection that a *sci. fa.* issued against principal and sureties shows no return as to the principal, is made too late in this court; it should have been made in the trial court below.

APPEAL from the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed December 4, 1885.

Messrs. EDEN & CLARK, for appellants.

Mr. SAMPSON, for appellee.

PLEASANTS, J. This was a *sci. fa.* on a forfeited recognizance in which appellants were the sureties, against whom, without their principal, on a hearing by the court, judgment was rendered.

At the April term, 1881, an indictment was returned a true bill against Jefferson Lewis and an order thereupon made by the court fixing the amount of bail at $300. On the 19th of June, 1882, the defendant, being then in custody of the sheriff, signed the recognizance here in question, with appellants as his sureties, conditioned for his appearance on the first day of the next (November) term, etc., in the usual form, which was duly approved, certified and returned. At said November term it was adjudged forfeited and the *sci. fa.* in this case ordered and issued against principal and sureties, but served on

Lewis v. The People.

the sureties only, no return being made as to the principal.

The sureties appeared and filed, among others, two pleas in substance the same, averring that at the term at which the indictment was found and order fixing the amount of bail made, the defendant appeared in open court and there entered into a recognizance pursuant to said order, with appellants, excepting G. N. Lewis, as sureties, that at the November term, 1881, said recognizance was forfeited and a *sci. fa.* issued; that at the next (April) term the amount of said recognizance was paid, and the defendant and his sureties discharged from further liability thereon, and that afterward and without further order respecting bail, the recognizance in this case, which was in the amount so fixed, was taken by said sheriff.

Issues were made upon these pleas, after a demurrer thereto had been overruled, but another judge presided at the hearng who seems to have disregarded them, although the facts are conceded to be as therein averred.

The legal effect of these facts is the principal question in the case. It is contended for appellants that the order of April term, 1881, was satisfied by the recognizance then entered into and thereupon became *functus;* that a recognizance can not be lawfully taken out of court without an order of court, except in the case of a defendant surrendered by his bail, and in that case only because it is specially authorized by the stattute (§ 309 of the Criminal Code), and therefore that the recognizance in question was taken without authority and is void.

We think this is a misapprehension of the character and effect of both the order and the statute. The order does not require bail. No court has power to require it. The right to be bailed, being constitutional, is independent of courts and officers (Art. II, § 7), but the accused can not be required to exercise it. Nor does it confer authority upon the officer to take it. No court has power to confer it. This comes from the legislature. R. S. Ch. 38, §§ 295, 300, 417, 420.

The scope of the order, and of the power of the court in this behalf, is limited to "fixing the amount" to be required if the accused shall propose to give bail: § 414. This power is vested in the court alone, and hence its order made in the ex-

ercise of this power can be changed or abrogated by the court alone and by means only of a like order, expressly or by nec. essary implication to that effect. Being general in its object and terms, its operation is not confined to or exhausted by any particular recognizance. Until so changed or abrogated it must remain in full force and apply to every taking of bail, by whomsoever taken, upon the same charge. It can not indeed be taken in any case without such order; yet not for want of authority to take it, but only of necessary direction as to the amount to be required. When taken, in the amount so required, whether by the court or its officer, it is under the general authority of the statute.

If it be asked, what then is the force of Sec. 309 of the Criminal Code, which declares that "when any person charged with a criminal offense is surrendered by his sureties he may be again admitted to bail in the same manner as if committed for not finding sureties to recognize for him," the answer is that it authorizes the taking of bail, not by an officer otherwise unauthorized, but in a case in which it would be otherwise unauthorized. The undertaking of the sureties by the recognizance is for the appearance of the principal at court, from time to time specified, until final order or sentence in the case, and not alternative—that he shall so appear or be surrendered to the officer. Without this statute they could not of right exonerate themselves by such surrender before the final order or sentence. The sheriff would not be bound to receive him and relieve them. But the legislature having seen fit to give them this right and prescribe the means and manner of its exercise, closes the provision by this Sec. 309, naturally, but as we think unnecessarily, declaring the right of the prisoner thus surrendered to be again admitted to bail. It is apprehended that without this declaration his right would be no less clear under the constitution, as would also be the general statutory authority of the sheriff to admit him. This section does not purport to confer any special or additional authority upon the sheriff. If the mind turns to him in that connection as authorized to take the bail, it is because, being the lawful custodian of the surrendered prisoner, he would most naturally be the

St. L., A. & T. H. R. R. Co. v. Balsley.

officer to take it, and not because the statute otherwise indicates him. It is also to be observed that it does not supersede the order of court fixing the amount of bail, since it provides no way to ascertain or fix it and the sheriff can not fix it.

Thus it assumes that the amount is fixed and consequently that the operation of the order fixing it did not cease when the old recognizance was taken. We hold then that no new order was necessary in this case, and that the recognizance taken by the sheriff was valid to all intents and purposes.

It follows that the demurrer to the two pleas referred to should have been sustained, and that the court on the hearing of the cause properly disregarded the issues made up on them, such issues being immaterial.

Counsel further object that the judgment was rendered without service of the *sci. fa.* upon the principal or a return of *nihil* as to him. We think the objection comes too late. If it had been made before judgment the irregularity could have been obviated in a moment by amendment of the return. Peacock v. The People, 83 Ill. 331. By pleading to the merits appellants waived it. Gilmore v. Nowland, 26 Ill. 203–4.

Seeing no error in the record the judgment will be affirmed.

Judgment affirmed.