JAMES WAUGH, Appellant, *v.* THE PEOPLE, Appellee.

APPEAL FROM BUREAU.

Where a sheriff, in a criminal proceeding, takes bail for a larger sum than is directed by the court, the recognizance is a nullity.

THE *scire facias*, in this case, recites that appellant and one J. Fittsher came before S. G. Paddock, sheriff of said county—Fittsher having been arrested upon a capias issued from the Circuit Court, for the crime of larceny—and the said Waugh and Fittsher executed and delivered to said sheriff, a bond or recognizance, whereby they severally acknowledged themselves to

36

owe and be indebted to the people of the State of Illinois, the sum of two hundred dollars each, to be paid to the People if default should be made in the condition following, to wit:

"Whereas, the said sheriff has this day arrested the said Joseph Fittsher, upon a writ of *capias ad respondendum*, issued from the Circuit Court of said county, for and concerning the crime of petit larceny, with which he stands charged, as by a certain bill of indictment preferred against him by the grand jury of said county, filed in our said court in that behalf, appears.

"Now, therefore, if the said Joseph Fittsher shall well and truly be and appear on the first day of the next term of our said Circuit Court, to be holden at the court house in Princeton, in and for said county, on the second Monday, in the month of January next, A. D. 1856, then and there, in our said court, to answer unto the said bill of indictment, and abide the order of the court, and not depart the court without leave, then this recognizance to be void; otherwise to be and remain in full force and virtue."

Which said bond was approved by the said sheriff, and filed of record in the office of the clerk of the Circuit Court of said Bureau county, on the fourteenth day of January, A. D. 1856.

The *scire facias* then recites that at the next term of the Circuit Court, Fittsher did not appear, and his default was entered, and that a judgment was rendered in the following form: "It is therefore considered by the court that the people of the State of Illinois have and recover of the said Joseph Fittsher and James Waugh, the said sum of one hundred dollars, the amount of the penalty in the said recognizance, and the court further considers that a *scire facias* be issued," &c. The *scire facias* commands the defendants to show cause why the People should not have execution against them severally, for the said sum for which they are respectively bound, according to the form, force and effect of their said recognizance.

At the March term, A. D. 1856, of the Circuit Court of said county, Waugh filed the following plea:

"Now comes James Waugh, one of the defendants, by Milo Kendall, his attorney, and defends the wrong and injury, when, &c., and says that said People ought not to have judgment against this defendant, by the said *scire facias*, on said recognizance, and ought not to have execution against him, because he says that at the October term of said Circuit Court, 1855, the said court made an order fixing the sum of one hundred dollars as the amount of bail to be indorsed by the clerk on the said writ of *capias ad respondendum*, in said *scire facias* mentioned, and the clerk of said court, on issuing the said capias, indorsed

the said sum of one hundred dollars on the said process, as the amount of bail ordered by the court, to be taken thereon by the said sheriff; but the said sheriff, instead of taking the said recognizance, in the said sum of one hundred dollars, unlawfully, and contrary to the express order of the said court, took a recognizance for the sum of two hundred dollars; so this defendant says the same is illegal and void, and that no judgment or execution ought to be rendered, or awarded thereon, or in consequence thereof; and this the defendant is ready to verify; wherefore he prays judgment."

To which plea there was a general demurrer, which was sustained by the court.

The defendant abided by his demurrer.

The court rendered the following judgment:

"It is therefore considered by the court, that the said People have execution against the said defendant, James Waugh, for the collection of the said judgment, for the amount of one hundred dollars, hereinbefore entered against said defendants, together with all their costs and charges herein expended."

GLOVER and COOK, for Appellant.

W. H. L. WALLACE, for Appellee.

CATON, J. This was a *scire facias*, upon a recognizance, taken by the sheriff, in the sum of two hundred dollars, conditioned for the appearance of one Fittsher, at the next term of the Circuit Court, to answer to an indictment preferred against him for the crime of larceny. The *scire facias* shows that the judgment of forfeiture, for one hundred dollars, was entered against the cognizors, and it commands them to show cause why execution should not be issued against them for that amount.

The plaintiff in error appeared, by his attorney, and filed a plea, showing that the Circuit Court, to whom the indictment was preferred, had ordered Fittsher to be held to bail in the sum of one hundred dollars, and that, in pursuance of that order, the clerk had indorsed on the back of the *capias*, on which he was arrested, the sum of one hundred dollars, as the amount of bail required. That he was arrested on that warrant, and required by the sheriff to give bail in the sum of two hundred dollars, and that, accordingly, to procure his release, he had given the recognizance, in the *scire facias* mentioned, for the sum of two hundred dollars.

To this plea a demurrer was sustained by the Circuit Court, which thereupon rendered final judgment, and awarded execu-

tion for the sum of one hundred dollars. In this the court most clearly erred. The sheriff was ordered to take bail in the sum of one hundred dollars, and this was his only authority for taking bail in any amount. This was no more authority for him to require bail in the sum of two hundred dollars, than it was to require him to leave his right hand in pledge for his appearance at court. The sheriff was bound to pursue his authority strictly, and when he departed from it he acted without authority, and the recognizance was as void as if he had no authority whatever to require bail. It is no answer to say that the court only rendered a judgment against him for one hundred dollars, for which the sheriff was authorized to take bail. There is nothing in this record, except the plea, showing that the recognizance was taken in too large a sum ; and, after the demurrer was sustained, the court could not rightfully act upon its statements. It was either a good plea or a bad one. If good, then the demurrer should have been overruled, and if bad, the court had no right to reduce the amount of the judgment on the strength of its statements. But there is, in this case, a principle of higher moment. If the sheriff may require the prisoner to give bail in a greater amount than is required by the order of the court, to the extent of one hundred dollars, he may, with the same propriety, require ten thousand, and thus exercise the most intolerable oppression ; and, in fact, deprive the party altogether of the right to give bail. It is no satisfactory answer to say that the court may treat the recognizance as if taken for the true amount authorized, for the greater mischief is, in requiring the excessive bail, by which the party may be demanded to give higher bail than he is able to do, and thus compel him to continue in prison, when he might have secured his discharge by giving the bail required by law. It is not, and cannot be, denied that the plea showed the recognizance was void as to a part ; and if as to a part, then it was void as to the whole. There is no authority for thus reducing the amount for the purpose of giving it vitality. The plea was good, and the judgment must be reversed.

*Judgment reversed.*