# CHARLESTOWN.

. STATE *v.* M^C COWN.

Submitted June 5, 1884—Decided September 27, 1884.

A justice admits to bail a person accused of an offence punishable by confinement in the penitentiary in a sum less than five hundred dollars. HELD :

The recognizance so taken by the justice was null and void, and the surety in it can not be held liable.

GREEN, JUDGE, furnishes the following statement of the case :

John N. Burns in August, 1871, was arrested upon a warrant for horse-stealing by a justice, John Campbell, of Clay township in Hancock county and brought before said justice at the court-house of said county in Poe township on August 12, 1871, and on his motion a hearing of the case was con-

tinued until August 16, 1871, at one o'clock P. M., and said John N. Burns and John C. McCown, his surety, entered into, subscribed and acknowledged before said justice at said court-house a recognizance in the sum of four hundred dollars for his appearance before said justice at the court-house of Hancock county on the 16th day of August, 1871, at one o'clock P. M. The recognizance was in the usual and proper form, and the condition was as follows:

"The condition of the above recognizance is such, that, if the above bound John N. Burns do and shall personally appear before me at the court-house of Hancock county, West Virginia, on the 16th day of August, 1871, at one o'clock P. M., then and there to answer the State of West Virginia for and concerning a certain felony by him committed in feloniously taking, stealing. and carrying away one bay horse of the value of one hundred and fifty dollars, of the goods and chattels of Peter A. Snowden, wherewith the said John N. Burns stands charged, and shall not depart thence without the leave of the said court, then above recognizance shall be void, else to remain in full force and virtue."

Appended to the recognizance was the following certificate:

"Taken, subscribed and acknowledged before me in the said county the day and year first above written.

"JOHN CAMPBELL."

The entry of the proceedings was thus made in the record-book of said justice:

"AUGUST 12TH, 1871.

"On the affidavit of Peter A. Snowden, a warrant was issued to the sheriff, on which John N. Burns was arrested for a felony, in this—that the said John N. Burns did feloniously steal, take and carry away one bay horse, the goods and chattels of the said Peter A. Snowden. The sheriff of said county arrested the said John N. Burns and brought him before me.

"On motion of the said John N. Burns, a hearing of the cause was continued until August 16, 1871, at one o'clock P. M. The said John N. Burns and John C. McCown, surety, entered into and executed a recognizance in the sum of four hundred dollars for his appearance before me at said time and place.

"1871, August 16, one o'clock P. M., present, Peter A. Snowden and John J. Ewing, witnesses in behalf of the State. The said John N. Burns failing to appear, I therefore certify the recognizance and the fact of such default to the first day of the next term of·the circuit court of the said county.

"John Campbell,

"J. P. Clay Tp., H. Co., W. Va."

At the next term of the circuit court of Hancock county an indictment was found against John N. Burns for horse-stealing according to this charge, which had been made. A *capias* was ordered to be issued against him; and it was also ordered that a rule should issue against him and John C. McCown to show cause, if any they could, why a judgment should not be rendered against them on said recognizance. Subsequently at another term the death of John C. McCown was suggested, and the proceedings were quashed as to him. Subsequently on June 30, 1879, a *scire facias* was issued against Carmel A. McCown, executor of John C. McCown. This *scire facias* was in the words and figures following:

"The State of West Virginia:

"To the Sheriff of Hancock County, Greeting:

"Whereas, in the suit of The State of West Virginia v. John N. Burns before John Campbell esq., a justice of the said county, on the 12th day of August, 1871, personally appeared before the said justice in the said county the said John N. Burns and John C. McCown, his surety, and acknowledged themselves severally indebted to the said State of West Virginia, the said John N. Burns in the sum of four hundred dollars and the said John C. McCown in the like sum of four hundred dollars, of their respective goods and chattels, lands and tenements, to be levied for the use of the said State rendered, 'yet upon condition that the said John N. Burns should personally appear before said justice at the courthouse of the said county of Hancock, State of West Virginia, on the 16th day of August, 1871, at one o'clock P. M., then and there to answer the said State for and concerning a certain felony by him committed in feloniously taking, stealing and carrying away one bay horse of the value of one hundred

and fifty dollars, the goods and chattels of Peter A. Snowden, wherewith the said John N. Burns stands charged, and shall not depart thence without the leave of the said court, then the above recognizance shall be void, else to remain in full force and virtue,' as by the original recognizance to our said circuit court and now remaining filed among the record thereof manifestly appears; and whereas, the said John N. Burns hath failed to make his personal appearance before the said justice at the time and place aforesaid according to the condition of the said recognizance, as by a certified copy of the proceedings had before the said justice, to our said circuit court transmitted, and also now remaining filed among the records thereof manifestly appears.

"Therefore we command you that you make known to ' Carmel A. McCown, executor of the said John C. McCown, now deceased,' that he be and appear before the judge of our said circuit court on the first day of the next September term thereof to show if anything he may have to say why the State of West Virginia may not have execution against the estate of said John C. McCown, deceased, to be levied of the goods and chattels, lands and tenements of the said decedent in his hands to be administered according to the form and effect of the recognizance aforesaid. And have then and there this writ.

"Witness, A. McC. Flanegin, clerk of our said circuit court, at the court-house of said county, this 30th day of June, 1879, and in the seventeenth year of the State.

"A. McC. FLANEGIN, *Clerk.*"

This *scire facias* was duly returned executed; and on the 18th day of September, 1879, C. A. McCown, executor of John C. McCown, craved oyer of the record, upon which this writ of *scire facias* was founded, which was granted, and thereupon he demurred to this writ, which demurrer was overruled on the first day of September, 1881. Thereupon pleas were filed by the defendant, to which pleas the State demurred, and the demurrer was sustained as to all the pleas except plea number six, which was intended as a plea of *nul tiel record.* I deem it unnecessary to state what those pleas, which were held insufficient, were. On March 28, 1883, the court rendered the following judgment:

"This day came the State, by James G. Marshall, its attorney, and defendant, Carmel A. McCown, executor of John C. McCown, deceased, and the matters arising on the pleadings and the issue involved in this cause being submitted to the court in lieu of a jury, by consent, and maturely considered, the court is of the opinion that the State of West Virginia is entitled to an execution against the executor on said recognizance, it appearing to the court that the penalty of four hundred dollars named in said recognizance was duly forfeited to said State. It is, therefore, considered by the court that the State of West Virginia have execution against the said Carmel A. McCown, executor of said John C. McCown, deceased, for the said sum of four hundred dollars and its costs in suing forth and prosecuting this writ, to be levied on the goods and chattels of his said testator in his hands, or that may come into his hands to be administered, and also upon the lands and tenements of said testator."

To this judgment this Court allowed a writ of error and *supersedeas* on April 21, 1883.

*J. R. Donahoo* for plaintiff in error.

*J. G. Marshall* for the State.

GREEN, JUDGE:

The only question which I deem necessary to consider or decide in this case is: Did the circuit court err in making the order of September 1, 1881, overruling the demurrer to the *scire facias?* The record, on which the *scire facias* was awarded, is a part thereof, as *oyer* of it was craved by the defendant. But without even looking at this record the *scire facias* on its face seems to me to show that the State of West Virginia had no right to have execution against the estate of John C. McCown, deceased, in the hands of his executor; and that therefore the demurrer should have been sustained. The question now raised by this demurrer is: Was the recognizance named in this *scire facias*, and which was acknowledged before a justice on August 12, 1871, a valid recognizance, which can be enforced against the surety in it after the forfeiture of the recognizance by the principal in it fail-

ing to appear, as provided for in the condition of the recognizance?

In determining this question the first enquiry is: Was the justice of the peace authorized to take this recognizance? If he was not, it is void; and the demurrer to this *scire facias* upon it must be sustained. The authority of a justice to take a recognizance from a person charged with a crime is to be found in section 9, chapter 126 of the Code, and section 6 of chapter 126 of the Code. This ninth section provides:

"A justice may adjourn an examination or trial pending before him not exceeding ten days at one time without the consent of the accused to any place in the county. In such case if the accused be charged with an offence punishable with death he shall be committed to jail, otherwise he may be recognized for his appearance at the time appointed for such further examination or trial or for want of bail committed to jail."

If this were the only provision of our statute-law on the subject, the justice could have legally admitted the accused to bail in any sum he thought proper. For the *scire facias* shows that the accused was charged with an offence not punishable with death. In all other cases the justice may take bail; and this section is entirely silent as to the amount of the bail to be taken by the justice. But section 6 of this chapter fixes in certain cases the minimum amount of bail, which the justice must require. The language of this section is:

"A justice may let to bail a person who is charged with, but not convicted of an offence not punishable with death. If the offence be punishable by confinement in the penitentiary, he shall not admit such person to bail in a less sum than five hundred dollars. But a justice shall not admit any person to bail, if bail has been previously refused to such person by any court, judge or justice; nor shall any person confined in jail by an order of commitment, in which the amount of bail he is to give is specified, or when an order has been made by a court or judge fixing the bail such person is to give, be admitted to bail by a justice in a less sum than is specified in such order. But a circuit court or a judge thereof in vacation may, for good cause shown, admit any person to bail before conviction."

While by this sixth section authority is conferred on a circuit court or a judge thereof to admit any person to bail, no matter what the crime may be of which he is accused, and an unlimited discretion is given the circuit court or a judge thereof to fix the bail in all cases at any sum the court or judge may deem proper, yet the authority conferred on a justice to admit to bail is subject to many limitations. In the first place no authority is conferred on a justice to admit any person to bail, if he be charged with an offence punishable with death. Secondly if the offence, with which the accused is charged, is punishable by confinement in the penitentiary, a justice may let him to bail under some circumstances but not under all. Thus he can not admit such person to bail, if bail had been previously refused by any judge, justice or court; and if the accused is in jail by an order of commitment fixing the amount in which he can give bail, or if an order has been made by a court or judge fixing the bail such person is to give, in either case no justice can admit the accused to bail in a less sum than is specified in such order. And lastly, though no such order has been made in a case of felony not punishable with death, the justice may admit to bail; but in such case he is expressly forbidden to admit such accused person to bail in a sum less than five hundred dollars.

The *scire facias* in the case before us shows that the offence with which the accused was charged, was a felony not punishable with death; and the question is: Had the justice any authority in such a case to admit the accused to bail in a sum less than five hundred dollars, and if he did so in violation of this statute, would the recognizance in a sum less than five hundred dollars be void or would it be binding on the surety? It is often very difficult to determine whether a particular provision in a statute-law is simply *directory* to the officer or *mandatory*. And it is difficult from the cases generally on this subject, which are frequently contradictory, to lay down a general rule which may be relied upon in reaching a conclusion as to whether a particular provision in a statute is directory or mandatory. But it seems to me, that in this particular case there is not much difficulty. The statute says in such a case as is set out in this *scire facias:* "The justice

shall not admit accused to bail in a less sum than five hundred dollars." The obvious object of this provision is to withhold from a justice the authority to admit to bail in a trifling amount any one accused of a felony punishable by confinement in the penitentiary, the Legislature obviously regarding it as contrary to public policy to permit persons charged with penitentiary offences to be permitted to go at large on giving such trifling bail, as some justice might be found to fix. If this should be allowed, it is obvious, that many persons guilty of penitentiary offences would escape all punishment other than the payment of a petty sum on the forfeiture of their recognizances. If then a justice should take a recognizance of one accused of a penitentiary offence in a penalty of one hundred dollars, and the accused was permitted to go at large, it seems to me obvious, that this recognizance would furnish to the accused no protection, but he might at once be again arrested as one charged with crime. Otherwise our criminal laws would become practically inoperative to a large extent. Such a recognizance might then be treated by the State as a mere nullity. If the State may treat such a recognizance as void because taken by a justice without any authority, it is difficult to conceive a reason why the surety of the accused may not also treat it as a nullity. If it be void as to the State for want of authority in the justice to take it, it must for the same reason be held void as to the surety in the recognizance.

I have found no authority directly in point; but I have found two cases, in which recognizances have been held void as to the security because of a want of authority in the officer to take a recognizance in the particular amount, in which it was taken, though his authority to take it in another amount was unquestionable. The principles on which these cases were decided seem to me to apply to the case before us. The first of these cases is *Waugh* v. *The People*, 17 Ill. 561. In that case the circuit court made an order fixing the amount of bail to be taken by the sheriff at one hundred dollars; and he admitted the accused to bail in the sum of two hundred dollars. The appellate court held this recognizance as absolutely void and as not binding on the security. The court says: "The sheriff was ordered to take bail in the

sum of one hundred dollars, and this was his only authority for taking bail in any amount. This is no more authority for him to require bail in the sum of two hundred dollars than it was to require him to leave his right hand in pledge for his appearance at court. The sheriff was bound to pursue his authority strictly, and when he departed from it, he acted without authority, and the recognizance was as void as if he had no authority whatever to require bail." The other case is *The State* v. *Buffner*, 22 N. H. (2 Foster) 267. It was there decided: "Upon a complaint for stealing, a prisoner was ordered by a magistrate to recognize for his appearance at the court of common pleas in the sum of four hundred dollars, with two securities in the sum of two hundred dollars each. He recognized in the sum of four hundred dollars with ten securities in the sum of forty dollars each. Upon *scire facias* it was held, that the order of the magistrate was not complied with and that the securities were not bound." The court says: "The securities are liable, in any case, only upon the ground that they have entered into a recognizance ordered by a tribunal having authority to act in the premises. * * * They have not recognized according to the order, and compliance with the order is the only ground upon which the validity of the recognizance can be placed." This cause was decided on a demurrer to the *scire facias*. The facts rendering invalid the recognizance appearing on its face.

It seems to me that for a like reason the demurrer to the *scire facias* in this case should be sustained. The security in this case can be only liable, upon the ground that he has entered into a recognizance ordered by a justice, who had authority to require a recognizance in the sum of four hundred dollars. The security was recognized in a sum less than the law permitted. He did not recognize according to the statute-law, and a compliance with the statute is the only ground, on which the validity of the recognizance can be placed. I conclude therefore, that the court erred in the order made September 1, 1881, which overruled the demurrer by the defendant to the *scire facias*. This demurrer should have been sustained and the recognizance pronounced null and void. The judgment of the circuit court in favor of the

State of West Virginia rendered March 28, 1883, must there-
fore be reversed and annulled and the plaintiff in error must
pay to the defendant in error his costs in this Court expended,
and this Court in rendering such judgment as the court
below should have rendered doth sustain the demurrer to the
*scire facias* and adjudge the recognizance, on which it was
based, null and void, and doth order, that the defendant below
recover of the plaintiff below his costs in the circuit court of
Hancock county expended.

REVERSED.