(37 Misc. Rep. 126.)

PEOPLE ex rel. WARREN v. BRADY, Police Justice, et al.

(Supreme Court, Special Term, Columbia County. January, 1902.)

1. POLICE JUSTICES—JURISDICTION—MISDEMEANORS—TRIAL BY JURY.

Const. 1894, art. 6, § 18, provides that the legislature may establish inferior courts of criminal jurisdiction. Section 26 provides that courts of special sessions shall have jurisdiction of offenses of the grade of misdemeanors. Laws 1898, c. 182, § 395, as amended, confers on police justices in cities of the second class power to try misdemeanors. Const. art. 1, § 2, provides for trial by jury in all cases in which trials are had in a court of record. Held, that a police justice of such a city has power to try a person charged with misdemeanor, constituting an offense indictable at common law, though the jury in that court consists of only six jurors.

2. SAME—COURT OF SPECIAL SESSIONS.

The court of a police justice in a city of the second class, given by Laws 1898, c. 182, § 395 (being the charter of a city of the second class), exclusive jurisdiction to try and determine all offenses triable in courts of special sessions, is, to all intents and purposes, a court of special sessions, though under a different name.

Application by the people on the relation of James Warren for a writ of prohibition to John J. Brady, police justice of city of Albany, and Samuel E. Gibbons. Denied.

Scherer & Downs, for relator.
George Addington, Dist. Atty., for defendants.

COCHRANE, J. This is an application for a writ of prohibition absolute, prohibiting the defendants from proceeding with the trial of the relator in the police court of Albany. The relator was arrested

on the 23d day of December, 1901, under a warrant issued by said police justice on a complaint of the defendant Gibbons, charging the relator with a violation of section 322 of the Penal Code, in maintaining a disorderly house and house of ill fame. This offense is made a misdemeanor by the section last referred to. The return made by the defendants to the writ herein states that the said James Warren "pleaded not guilty to the charge, and elected to be tried in the police court of the city of Albany by said police justice, and demanded a trial by jury in said court." The relator challenges the jurisdiction of the police court of Albany to try the offense in question, on the ground that he is constitutionally entitled to a trial by a common-law jury of 12, and that the statute only provides for a jury of 6 in said police court. This contention of the relator is based on section 2 of article 1 of the constitution, which provides that "the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." The "trial by jury" referred to in this constitutional provision means a common-law jury of 12 men. People v. Justices of Special Sessions, 74 N. Y. 406; People v. Dutcher, 83 N. Y. 240. The offense charged against this relator was indictable under the common law, and could not have been tried in a court of special sessions or police court prior to the constitutional change hereafter referred to. But section 19 of article 6 of the amended constitution of 1846 provided that inferior local courts of criminal jurisdiction might be established by the legislature, and section 26 of the same article provided that "courts of special sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law." Both of these provisions are incorporated in the constitution of 1894 and constitute sections 18 and 23 of article 6 of that constitution. These various constitutional provisions must be read and construed together, and it seems quite clear that, while the constitutional right to a common-law jury of 12 has been preserved in all criminal cases above the grade of misdemeanor, nevertheless, by section 23 of article 6, above referred to, courts of special sessions may be clothed by the legislature with jurisdiction of offenses of the grade of misdemeanors. The legislature now has power to confer on courts of special sessions jurisdiction to try all offenses of the grade of misdemeanors, even though, before the adoption of said section 23 of article 6 of the constitution, persons charged with such misdemeanors had the right to the common-law jury of 12. In People v. Justices of Special Sessions, 74 N. Y. 406, it was said:

"The counsel for the relator claims that he had the constitutional right of trial by jury, which he did not and could not waive. This point is not tenable, for the reason that the constitutional provision does not apply to the petty offenses triable before a court of special sessions."

In People v. Dutcher, 83 N. Y. 240, it was said:

"The amendment of section 26 of article 6 was, no doubt, designed to invest the legislature with authority to confer upon courts of special sessions full and exclusive jurisdiction in this class of cases, which it was held not to possess under the decisions of the courts; and it must be regarded as a modification and a restriction of the limitation of power which was held to exist by virtue of section 2 of article 1 in respect to offenses of the character specified."

And at page 244 it was said:

"The provision of the constitution as to a jury trial can have full scope and force by applying it to cases where trials are had in a court of record, while the amendment can apply to cases of a lower grade, where the offense is not a felony. Both provisions are thus made entirely harmonious, and if it was intended that the courts of special sessions, to which jurisdiction was given, should be such as had authority to summon and impanel a common-law jury, it is but reasonable to suppose that such a provision would have been inserted in the amendment. The evident purpose of the act was to relieve the higher courts from the burden of trying trivial offenses, and to leave this class of cases to local magistrates in the vicinity where the offense was committed."

See, also, Devine v. People, 20 Hun, 98; People v. Wade, 26 Misc. Rep. 585, 57 N. Y. Supp. 645.

Laws 1898, c. 182, § 395, as amended (being the charter of the cities of the second class), confers on the police justice power to try all offenses of the grade of misdemeanors under the laws of the state; thereby giving to the police court greater power than the legislature has seen fit to grant to courts of special sessions, but not beyond what it may grant to such courts.

It is claimed by the relator that the police court is not a court of special sessions, and hence does not come within the provisions of section 23 of article 6 of the constitution, above referred to. Section 394 of the charter of second-class cities gives to the police justice in the first instance "exclusive jurisdiction to try and determine all offenses triable in courts of special sessions," and also gives him "the powers and jurisdiction conferred upon such courts by section 56 of the Code of Criminal Procedure," subject to the power of removal provided by sections 57 and 58 of such Code. The difference in the names of the courts is not important. The police court of Albany has the powers and jurisdiction of a court of special sessions. It has exclusive jurisdiction to try and determine all offenses triable in courts of special sessions, with the added jurisdiction conferred by section 395. It is the nature and character of the court, and the power possessed by it, which should determine this question, rather than the name under which it is designated. To all intents and purposes, it is a court of special sessions, with additional jurisdiction conferred upon it, but not beyond what the legislature has authority to confer on the courts of special sessions. If the contention of the relator on this point is correct, then it follows that the legislature has power to confer on courts of special sessions held by justices of the peace of the towns jurisdiction to try all misdemeanors, including the one in question, whereas the police justice of Albany has no such power, merely because his court is called a "police court," instead of a "court of special sessions," and notwithstanding the fact that it has all the powers and jurisdiction of a court of special sessions. Such a condition does not seem to be reasonable, and the decisions under statutes similar to the one in question and in reference to the misdemeanor in question are to the contrary. People v. Hulett (Sup.) 15 N. Y. Supp. 630; People v. Cooper, 42 Hun, 196; People v. Upson, 79 Hun. 87, 29 N. Y. Supp. 615. The application for the absolute writ of prohibition is denied, with $20 costs.

Application denied, with $20 costs.