# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## November 22, 1916.

## ST. LAWRENCE COUNTY v. WILLIAM GOLDBERG and LAWRENCE GÓLDBERG.

### (175 App. Div. 88.)

ERRORS OR MISTAKES IN INFORMATION—BAIL—LIABILITY OF SURETIES—INFORMATION CHARGING OPERATION OF LOTTERY—DISREGARD OF TECHNICAL ERRORS AND DEFECTS—WARRANT—COMMITMENT FOR CRIME OTHER THAN THAT CHARGED IN WARRANT—PRESUMPTION OF KNOWLEDGE BY SURETIES OF CHARGE AGAINST PRISONER—CODE CRIM. PRO., § 684.

Under section 684 of the Code of Criminal Procedure, providing that neither a departure from the form prescribed by the Code of Criminal Procedure in respect of any pleadings or proceedings, nor any error or mistake therein shall render them invalid unless the defendant has been actually prejudiced in respect to a substantial right, when errors or mistakes occur in the form of an undertaking executed by sureties, the question should be, has the defendant been substantially prejudiced.

A determination of a justice of the peace holding an accused to bail, cannot be questioned in an action on an undertaking given to secure the release of the accused.

Where an accused has been held to answer not only the particular charge, but also any other charge of crime, and that he "should at all times render himself amenable to the orders and process of the court," his sureties will not be released until he appears and is discharged, or serves under the judgment of the court.

The crime of operating a lottery is sufficiently indicated by reference in the information to a violation of section 1370 of the Penal Law, which defines a lottery, for by the Constitution a lottery is illegal.

Every reasonable intendment should be taken in favor of the sufficiency of an information and against the sureties of the accused.

Where no suggestion has been made of any manner in which sureties of an accused could be prejudiced by any error or defect in the

information or warrant, and no objection was raised before the magis-
trate, such defect should be disregarded under section 684 of the Code
of Criminal Procedure.

  A warrant is principally valuable to get the defendant into court,
and when he is there charged with a crime, making no objection to the
form of the warrant or the information, the question is, is he guilty
of the crime charged, and if the investigation as to the crime charged
results in showing that he is guilty of another crime, the magistrate
has authority to issue process of commitment for such crime, although
not charged in the original warrant.

  Sureties by coming into the proceeding will be presumed to know
upon what charge the prisoner is held.

  WOODWARD and COCHRANE, JJ., dissented.

APPEAL by the defendants, William Goldberg and another,
from an order of the Supreme Court, made at the Schenectady
Special Term and entered in the office of the clerk of the
county of St. Lawrence on the 12th day of April, 1916, over-
ruling a demurrer to the amended complaint and denying
defendants' motion for judgment on the pleadings.

*Louis J. Rezzemini,* for the appellants.

*George H. Bowers,* for the respondent.

LYON, J.:

The amended complaint alleges that on or about January 1,
1916, one Giles A. Chase, who was a duly elected, qualified
and acting justice of the peace of the county of St. Lawrence,
N. Y., upon an information laid before him charging one Abe
Wilcovitz with the violation of section 1370 of the Penal Law of
the State of New York, issued a warrant for the arrest of
said Wilcovitz charging him with such violation, which offense
so charged was one that said justice had jurisdiction to hear,
try and determine; that said Wilcovitz was arrested upon said
charge under said warrant, brought before said magistrate,
arraigned upon said charge, and bail fixed at $200; whereupon

the defendants two days later, for the purpose of procuring the release upon bail of said Wilcovitz from custody upon the aforesaid charge, executed an undertaking whereby they jointly and severally undertook that said Wilcovitz should appear and answer the said charge in whatever court the same might be prosecuted, and should at all times render himself amenable to the orders and process of the court, and if convicted should appear for judgment and render himself in execution thereof, and that if he failed to perform either of said conditions the said defendants would pay the sum of $200; that said undertaking was thereupon presented to said magistrate, approved and filed by him, and said Wilcovitz thereupon released from custody on said charge, and the case duly set down for trial February 4, 1916; that said Wilcovitz then demanded that he be tried by a jury, which was thereupon drawn and the case adjourned until February ninth; that said Wilcovitz not appearing upon said adjourned date the case was further adjourned until February sixteenth, at which time said Wilcovitz having failed to appear, and no sufficient excuse having been shown for such failure, said justice declared said undertaking forfeited and turned the same over to the treasurer of St. Lawrence county for prosecution. The demurrer to the complaint having been overruled, the defendants have appealed to this court.

Section 1370 of the Penal Law, with the violation of which Wilcovitz was charged, simply defines a lottery as " A scheme for the distribution of property by chance," etc. Section 1373 and following sections provide that a person engaging in a lottery is guilty of a misdemeanor. While the form of the undertaking executed by the sureties is not precisely that prescribed by section 738 of the Code of Criminal Procedure to be given, section 684 of that code provides that neither a departure from the form prescribed by the Code of Criminal Procedure in respect to any pleadings or proceedings, nor an error or mistake therein, shall render it invalid unless it has actually preju-

diced the defendant in respect to a substantial right. When errors or mistakes in such proceedings occur, the question always is, has the defendant been substantially prejudiced. (People v. Pindar, 210 N. Y. 191.)

As the justice at Special Term pointed out, the justice of the peace had the power to hold the accused to bail upon determining there was cause to believe that the accused had committed a criminal offense, and such determination cannot be questioned in an action on the undertaking given to secure the release of the accused. Further, the accused was held not only to answer the particular charge, but also any other charge of crime, and that he "should at all times render himself amenable to the orders and process of the court," and until he appeared and was discharged or served under the judgment of the court, his sureties would not be released. The accused failed to appear after having been released on bail, and after having demanded a trial by jury, which had been drawn in accordance with his request. The legal inference is that the accused was lawfully in custody. Plainly, the sureties knew that the cause of the imprisonment was a violation of the law against lotteries. That crime is sufficiently indicated for all practical purposes by the reference to section 1370 of the Penal Law which defines a lottery, for by the organic law of the land a lottery is illegal. (State Const., art 1, § 9.) There are not in this State two kinds of lotteries, a legal and an illegal lottery. The Penal Law only attempts under the mandate of the Constitution to make certain just what a lottery is and to define the manner in which it shall be punishable. Through the means of the undertaking the sureties obtained Wilcovitz's release from custody. Every reasonable intendment should be taken in favor of the sufficiency of the information and against the sureties.

Under section 684, before referred to, we must disregard technical errors and defects in respect of any pleadings or proceed-

ings, unless the same have actually prejudiced the defendant or tend to his prejudice in respect of a substantial right.    No suggestion has been made of any manner in which the defendants could be prejudiced by any error or defect in the information or warrant.    If Wilcovitz had raised any objection before the magistrate, proper amendments would have followed or a new proceeding have been instituted.    The warrant is principally valuable to get the defendant into court, and when he is there charged with a crime, making no objection to the form of the warrant or the information, the question is, is he guilty of the crime charged, and if the investigation as to the crime charged results in showing that he is guilty of another crime, he does not escape justice, for the magistrate apparently had authority to issue process of commitment for a crime developel on the examination, although not charged in the original warrant.    (Code Crim. Pro., § 208; Matter of Paul, 94 N. Y. 497, 503.)    Understanding this, Wilcovitz made no mistake in pleading to the charge upon which he was arrested.

It was said in People v. Gillman (125 N. Y. 372) that even the omission to fill in the blank in the recital intended for the specification of the nature of the crime is not one prejudicing the defendant in respect of a substantial right so as to render the undertaking invalid.    By coming into the proceedings the sureties will be presumed to know upon what charge the prisoner was held.    As was said in Pernetti v. People (99 App. Div. 391; affd., without opinion, 181 N. Y. 556) : " In legal effect, the surety signing such a bond is substituted for the jailor, and it is his duty, when ordered and directed by the court, to produce the prisoner; and it would be giving a narrow construction to the obligation imposed by the bond to hold that the recital of the charge upon which the prisoner is held is conclusive upon the question of the responsibility of the surety for the production of the prisoner."

Had the proper bond been given it would be properly prosecuted in the name of the county. Whether or not the information charged a crime might have been raised by Wilcovitz, but I think it cannot be raised by the sureties in an action upon the undertaking by which the sureties obtained the release of the prisoner from custody. The mistake in the form of the bond has not affected a substantial right of the defendants, and they should be treated as though a bond in statutory form had been given.

I favor affirmance of the order of the Special Term.

All concurred, except WOODWARD and COCHRANE, JJ., who dissented.

Order affirmed, with ten dollars costs and disbursements.