# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## January 8, 1919.

# ST. LAWRENCE COUNTY v. WILLIAM GOLDBERG AND LAWRENCE GOLDBERG, Appellants.

(1.) JURISDICTION—AUTHORITY OF COUNTY TO SUE UPON BAIL BOND RUNNING TO PEOPLE—JUDGMENT MUST CONFORM WITH ALLEGATIONS OF PLEADINGS AND PROOFS.

A county cannot maintain an action upon a "recognizance before indictment" provided for in section 568 of the Code of Criminal Procedure running to the People of the State of New York.

Where a county brought an action against sureties upon the theory that they gave an undertaking prescribed in section 738 of the Code of Criminal Procedure, which requires that it shall provide for payment to the county where the information is laid and trial ordered, but it appears from the form of bond alleged in the defense which established upon the trial that the defendants believed that they were executing and delivering a "recognizance before indictment" such as is contemplated and provided for in section 568 of the Code of Criminal Procedure, a judgment in favor of the plaintiff should be reversed, since it is not *secundum allegata et probata.*

(2.) SAME—CODE CRIM. PRO., § 684, NOT APPLICABLE TO CIVIL ACTION AGAINST BONDSMAN.

The provision of section 684 of the Code of Criminal Procedure that "neither a departure from the form or mode prescribed by this Code in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant to tend to his prejudice in respect to a substantial right," relates not to a civil action to recover from the bondsmen, but to a proceeding in its relation to the criminal defendant.

(3.) SAME—CODE CRIM. PRO., § 739.

The authority given to a county treasurer by section 739 of the Code of Criminal Procedure to sue in the name of the county relates to the undertaking prescribed in section 738 and not to the one provided for in section 568.

JOHN M. KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendants, William Goldberg and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 13th day of August, 1917, upon the decision of the court after a trial at the St. Lawrence Special Term.

*Louis J. Rezzemini,* for the appellants.

*George H. Bowers,* for the respondent.

WOODWARD, J.:

The complaint alleges that on or about the 1st of January, 1916, an information was laid before a justice of the peace of the town of Massena charging one Abe Wilcovitz with a violation of section 1370 of the Penal Law of the State; that a warrant was thereupon issued for the arrest of the said Abe Wilcovitz, and that he was duly arrested; that he was taken before the said justice of the peace, who fixed bail at the sum of $200; that the defendants herein, on or about January 24, 1916, " for the purpose of procuring the release upon bail of the said Abe Wilcovitz   *   *   *   signed and executed an undertaking whereby they jointly and severally undertook that the said Abe Wilcovitz should appear and answer the said charge   *   *   *   in whatever court the same might be prosecuted, and should at all times render himself amenable to the orders and process of the court, and if convicted should appear for judgment and render himself in execution thereof, and that if he failed to perform either of said conditions that they, the said defendants, would pay the sum of two hundred dollars." It is then alleged that the said undertaking was approved by the said justice of the peace, as for the undertaking prescribed by section 737 of the Code of Criminal Procedure, and that the said Abe Wilcovitz was released from custody; that subsequently such proceedings were had that the said justice of the

peace declared the bail forfeited as prescribed by the Code of Criminal Procedure, and " did turn the same over to the county treasurer of the County of St. Lawrence; " that there has been no release from said forfeiture, and that " this action is brought in the name of the County of St. Lawrence, by the county treasurer of said county, for the recovery of the sum mentioned in said undertaking, to wit, the sum of two hundred dollars, as provided by section 739 of the Code of Criminal Procedure."

The complaint in its present form was before this court on demurrer (175 App. Div. 88), and it was there held that it stated the necessary facts to constitute a cause of action, two members of the court dissenting, but we do not understand that any other question necessarily involved in this appeal was decided. The answer of the defendants practically admits the allegations of the complaint, for the affirmative allegations do not operate to raise an issue (Rodgers v. Clement, 162 N. Y. 422, 428, and authorities there cited), and then sets up as a defense the facts much as the plaintiff has alleged them, except that it is averred that the defendants " signed and executed an undertaking in the form prescribed by section 568 of the Code of Criminal Procedure, which was made and executed in the city and county of Albany and acknowledged before Hon. George Addington, Albany County Judge, whereby they jointly and severally undertook that the said Abe Wilcovitz should appear and answer said charge of violating section 1370 of the Penal Law of the State of New York in whatever court the same might be prosecuted, and should at all times render himself amenable to the orders and process of the court, and if convicted should appear for judgment and render himself in execution thereof, and that if he failed to perform either of said conditions that they, the said defendants, would pay to the people of the State of New York the sum of two hundred dollars. * * * That the sureties on said bail bond never

appeared in the Court of Special Sessions of the town of Massena or before the magistrate holding such court and that the said undertaking of bail was never taken by the said magistrate as prescribed by the Code of Criminal Procedure."

Passing over all of the incidental questions raised by the appellants, it is apparent that the real controversy here is whether the county of St. Lawrence can maintain this action upon a bond running to the People of the State of New York. It is entirely evident from the form of bond alleged in this defense, and which was established on the trial, that the defendants believed that they were executing and delivering a " recognizance before indictment," such as is contemplated and provided for in section 568 of the Code of Criminal Procedure, while the plaintiff is proceeding upon the theory that the defendants gave the undertaking prescribed in section 738 of the Code of Criminal Procedure, which requires that it shall provide for payment to the county where the information is laid and the trial ordered. In such a case the statute (§ 739) provides that upon a forfeiture the " county treasurer must immediately commence an action for the recovery of the sum mentioned therein, in the name of the county."

We are clearly of the opinion that the judgment in favor of the county of St. Lawrence cannot stand; it is not *secundum allegata et probata*. The proofs do not conform to the facts alleged in the complaint which, for the purposes of a demurrer, must be deemed to have alleged an obligation on the part of the defendants to pay the sum of $200 to the plaintiff in the event of a forfeiture, while the undisputed fact is that the defendants undertook, by a written instrument in the form prescribed by statute, to pay to the People of the State of New York in the event therein provided for, and there is no provision of law that an obligation running to the People of the State of New York may be enforced for the benefit of St. Lawrence or any other county. A payment of this judgment

would not protect the defendants from an action brought by the People of the State of New York upon the undertaking which was shown to have been executed and delivered to secure the appearance of Abe Wilcovitz. It is true, of course, that this court, in the course of its discussion in deciding the demurrer, has suggested that " the mistake in the form of the bond has not affected a substantial right of the defendants, and they should be treated as though a bond in statutory form had been given," but this was said in relation to the complaint as it then stood, and not in reference to the defense, which shows that there was no mistake in the form of the bond; it was exactly such a bond as the statute prescribed for an indictable offense, and the defendants cannot be held on any other bond than such as they have executed.

There seems to be some misapprehension as to the provision of section 684 of the Code of Criminal Procedure that " neither a departure from the form or mode prescribed by this Code in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right." This relates, not to a civil action to recover from the bondsmen, but to a proceeding in its relation to the criminal defendant. This undertaking could not be challenged unless it in some manner prejudiced the rights of Abe Wilcovitz (People v. Gillman, 125 N. Y. 372, 375), but it has no relation to the action to recover upon the undertaking. There does not appear to have been any error whatever in the bond given; it complies with the requirement of the statute. It is a perfectly good undertaking under the provisions of section 568 of the Code of Criminal Procedure, and the defendants are, upon a default as provided by law, liable to the People of the State of New York for the amount of the bond; but the defendants have never entered into a bond payable to the county of St. Lawrence, and, unless all rules governing the contract of

sureties are to be disregarded, the judgment in this action cannot be sustained. The authority given to the county treasurer to sue in the name of the county relates to the undertaking prescribed in section 738 of the Code of Criminal Procedure, not to section 568. In the one case the obligation runs to the county, in the other to the People of the State of New York, and the rule still prevails that the judgment must be in conformity with the allegations of the pleadings and the proofs. (Jackson v. Strong, 222 N. Y. 149, 154.) The judgment does not comply with this rule.

The judgment appealed from should be reversed.

All concurred, except JOHN M. KELLOGG, P. J., and LYON, J., dissenting.

Judgment reversed and complaint dismissed, with costs.