COUNTY OF ALBANY, Plaintiff, *v.* VITALLE ROBOLITTO and ROSE ROBOLITTO, Defendants.

County Court, Albany County, February, 1922.

**Bail — Court of Special Sessions — Police Court of Albany — undertaking in excess of $200 void — Code Crim. Pro. § 737.**

The Police Court of the city of Albany is a Court of Special Sessions within the meaning of section 737 of the Code of Criminal Procedure, which provides that bail in said courts shall not exceed $200, and an undertaking of bail in the sum of $500 for the appearance of the defendant for trial in the Police Court of Albany is void.

DEMURRER to complaint in action to recover on bail bond.

*Bertram M. Aufsesser*, for plaintiff.

*Leopold Minkin*, for defendants.

BOOKSTEIN, J. This action is brought against the defendants to recover the sum of $500, being the amount of an undertaking entered into by them for the appearance for trial of one Salvatore Garuflo in the Police Court of the city of Albany on the charge of petit larceny.

Thereafter the defendant Garuflo failed to appear on the adjourned day, and the bail was forfeited.

The case is now before this court on a demurrer to the complaint interposed by the defendants on the ground that the complaint does not state facts sufficient to constitute a cause of action, it being contended that the undertaking in question is void for the reason that the Police Court of the city of Albany fixed the bail in excess of the maximum provided by statute.

Section 737 of the Code of Criminal Procedure provides for bail in Courts of Special Sessions, and provides that it shall not exceed $200.

The Police Court has the same jurisdiction as Courts of Special Sessions, and also additional jurisdiction as provided by law. Code Crim. Pro. § 74.

It is claimed by the plaintiff that section 737 of the Code of Criminal Procedure applies to Courts of Special Sessions, and not to the Police Court of the city of Albany, this contention being based on the language of section 56 of the Code of Criminal Procedure, which in defining the general jurisdiction of Courts of Special Sessions, specifically excepts the Courts of Special Sessions in the city and county of New York and the city of Albany. The Court of Special Sessions in the city of Albany, intended by such exception, is clearly the Court of Special Sessions in said city of

Albany, held by the recorder of said city of Albany, and which is regulated by chapter III of title VI of the Code of Criminal Procedure. The exception in question does not relate to the Police Court of the city of Albany.

Section 737 is applicable to the Police Court of the city of Albany. In *People ex rel. Warren* v. *Brady*, 37 Misc. Rep. 126, 129, Judge Cochrane says: " The Police Court of Albany has the powers and jurisdiction of a Court of Special Sessions; it has exclusive jurisdiction to try and determine all offenses triable in Courts of Special Sessions, with the added jurisdiction conferred by section 395. It is the nature and character of the court and the power possessed by it which should determine this question rather than the name under which it is designated. To all intents and purposes it is a Court of Special Sessions, with additional jurisdiction conferred upon it, but not beyond what the Legislature has authority to confer on Courts of Special Sessions."

Section 395, referred to in the foregoing quotation, is section 395 of chapter 182, Laws of 1898, as amended (being the charter of the cities of the second class).

The jurisdiction and powers of the Police Court of the city of Albany, at the time the undertaking in question was taken, was defined by sections 183 and 184 of the Second Class Cities Law. These sections are substantially the same as were sections 394 and 395 of chapter 182 of the Laws of 1898. It follows, therefore, that the determination in *People ex rel. Warren* v. *Brady, supra,* is still applicable, and that to all intents and purposes the Police Court of the city of Albany is a Court of Special Sessions, with additional jurisdiction conferred upon it. Being a Court of Special Sessions, section 737 of the Code of Criminal Procedure applies, and the undertaking in excess of $200 is void.

Plaintiff further contends that even if section 737 of the Code of Criminal Procedure does apply to the Albany Police Court, the plaintiff could recover $200 in this action on the theory that in fixing bail at $500 there was merely a " departure from the form or mode prescribed * * * in respect to * * * pleading or proceeding," or " an error or mistake therein " which did not prejudice " the defendant or tend to his prejudice in respect to a substantial right."

In support of this contention plaintiff cites section 684 of the Code of Criminal Procedure. Section 684 relates not to a civil action to recover from the bondsmen, but to a proceeding in its relation to the criminal defendant. *St. Lawrence County* v. *Goldberg,* 186 App. Div. 126.

The undertaking in question, being in an amount in excess of

that authorized by law, is void. *State* v. *Austin,* 23 Tenn. 213; *State* v. *McCown,* 24 W. Va. 625; *Waugh* v. *People,* 17 Ill. 561; *State* v. *Buffum,* 22 N. H. (2 Foster) 267; *People* v. *Meighan,* 1 Hill, 298; *Mittnacht* v. *Kellermann,* 105 N. Y. 461, 467.

For the reasons stated, the demurrer to the complaint herein is sustained, with costs.