SARAH D. GREENE, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, Impleaded with FRIEDA SOLINS, Also Known as FRIEDA CROUTCH, and SARAH GREENBAUM, Defendants. (Action No. 4.) — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

LEOPOLD A. HALPERIN, Respondent, v. NASSAU ELECTRIC RAILROAD COMPANY and HARRY T. LAWSON, Appellants, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

URIAH HARRIS and U. AND H. REALTY CORPORATION, Respondents, v. NEW YORK TITLE AND MORTGAGE COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

In the Matter of the Application of ANTON ALBERT and Others, Respondents, for a Mandamus Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.*— Peremptory mandamus order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

In the Matter of the Application of LOUIS BERGMAN, Respondent, for a Mandamus Order against ABRAHAM KAPLAN, as President, and JOHN J. KELLER and FERDINAND Q. MORTON, as Members of the Municipal Civil Service Commission, Appellants.— Peremptory mandamus order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

In the Matter of the Application of EDWARD BIRMINGHAM, Appellant, for a Mandamus Order against ALANSON ABRAMS, Mayor of the Incorporated Village of East Rockaway, and GEORGE STOLWORTHY and Others, Board of Trustees of the Incorporated Village of East Rockaway, Respondents.— Order denying motion for a peremptory mandamus order reversed on the law, with costs, and motion granted as a matter of law and not in the exercise of discretion. Under section 78 of the Code of Criminal Procedure the board of trustees of the village of East Rockaway was without power to reduce the salary of the appellant during his present term of office. Chapter 853 of the Laws of 1928 did not, by implication, repeal that section, because section 101 of the General Construction Law provides that " The Consolidated Laws shall not be construed to amend, repeal or otherwise affect any provision of the penal law, code of civil procedure or code of criminal procedure unless expressly so stated." Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

In the Matter of GLOBE BANK AND TRUST COMPANY in Liquidation. In the Matter of the Application of the SUPERINTENDENT OF BANKS, Respondent, for an Order Authorizing the Payment of a Third Dividend of Ten Per Cent to Creditors Whose Claims Have Been Filed and Accepted, and on Accounts Payable as Shown by the Books of Globe Bank and Trust Company in Liquidation, for an Order Approving His Account of Expenses of Liquidation from June 1, 1932, through November 30, 1932, for an Order Approving the Expenses Incurred by Manufacturers Trust Company between September 16, 1931, and October 31, 1932, for an Order Construing the Contract Dated September 16, 1931, between Superintendent of Banks and Manufacturers Trust Company, Appellant, and for such

*Affd., 264 N. Y. 613.