THE PEOPLE OF THE STATE OF NEW YORK, on the Complaints of EDWARD F. McDONALD and WILLIAM F. MONS, Complainants, *v.* PETER SIMONIAN, Defendant.

In the Matter of the Application of PETER SIMONIAN for a Certificate Pursuant to Section 57 of the Code of Criminal Procedure to Certify the Action to the Grand Jury of Rensselaer County.

Supreme Court, Trial Term, Albany County, January 17, 1940.

*Charles J. Ranney, District Attorney,* for the People.

*Thomas F. Dougherty,* for the complainants.

*Morris J. Zweig,* for the defendant.

MURRAY, J.   Application is made to the court by the defendant, pursuant to section 57 of the Code of Criminal Procedure, for a certificate that it is reasonable that the charges of assault in the third degree and disorderly conduct now pending against him in the Police Court of the City of Troy, N. Y., be prosecuted by indictment.

Defendant alleges as a ground for such action, among other reasons set forth, that he has asked for a jury trial in the Police Court and same has been refused him for the reason that he did not request a jury trial at the time he interposed his plea of not guilty to said charges and has waived the right to a jury trial.

The city of Troy is a second-class city and is governed by the Second Class Cities Law of the State of New York.   It has a Police Court.   (Cons. Laws, chap. 53.)

Section 188 of the Second Class Cities Law provides that " In the Police Court, at the time of interposing any plea which forms an issue of fact, the defendant may demand a trial by jury, and unless so demanded then a trial by jury is waived."

The Code of Criminal Procedure makes no differences nor does it distinguish between Police Courts and Courts of Special Sessions.

Section 74 of the Code of Criminal Procedure states as follows: " Jurisdiction. Police justices have such jurisdiction, and such only, as is specially conferred upon them by statute. The courts held by police justices are called Police Courts, and Courts of Special Sessions are also called Police Courts, and are so designated in different parts of the Code."

To paraphrase the language of a learned jurist, Hon. A. V. S. COCHRANE, former Presiding Justice of the Appellate Division, Supreme Court, Third Judicial Department, in *People ex rel. Warren* v. *Brady* (37 Misc. 126, 128): The court of a police justice in a city of the second class is to all intents and purposes, a Court of Special Sessions, though under a different name. The difference in the names of the courts is not important.

Part V of the Code of Criminal Procedure is entitled " Of Proceedings in Courts of Special Sessions and Police Courts." Title 1 of part V reads " Of Proceedings in Courts of Special Sessions in the Counties Other Than New York."

Section 702 of title 1 of part V of the Code of Criminal Procedure provides as follows as to Courts of Special Sessions: " *Before the court hears any testimony upon the trial, the defendant may demand a trial by jury.*" (Italics supplied.)

The refusal of defendant's demand for a jury trial was a serious prejudice of his substantial rights. He was entitled to same until testimony was actually taken on the trial and continued unaffected and available to him notwithstanding his previous election and waiver. (*People* v. *Molinet*, 13 Misc. 301, 303.)

Section 702 of the Code of Criminal Procedure was enacted many years prior to 1909, when the Consolidated Laws of the State of New York took effect and which laws embrace the Second Class Cities Law. It was derived from section 15 [16] of chapter 180 of the Laws of 1845. It was part of the Revised Statutes (R. S. pt. 4, chap. 2, tit. 3, § 9).

Section 188 of the Second Class Cities Law clashes with section 702 of the Code of Criminal Procedure. It limits the time in a criminal action in a Court of Special Sessions when an accused may demand a jury trial. In this respect it is a nullity, void and of no effect for the reason that section 101 of the General Construction Law of the State of New York specifically provides as follows: " The Consolidated Laws shall not be construed to amend, repeal or otherwise affect any provision of the Penal Law, Code of Civil Procedure or Code of Criminal Procedure unless expressly so stated."

Our courts have interpreted, ratified and confirmed the above-declared intention of the Legislature. (*Matter of Birmingham* v. *Abrams*, 240 App. Div. 995.)

Section 188 of the Second Class Cities Law did not repeal, amend or otherwise affect section 702 of the Code of Criminal Procedure in its terms. Thus, section 188 of the Second Class Cities Law must yield to section 702 of the Code of Criminal Procedure under the General Construction Law of the State of New York. The importance of a jury trial to a defendant has been emphasized by our courts time and time again. A concrete example of the extreme care and solicitude of the judiciary to protect whatever rights an accused may have to a jury trial is well illustrated in the case of *Cancemi* v. *People* (18 N. Y. 128). There the highest court of our State declared that the conviction of a defendant for murder in the first degree by the verdict of eleven jurors, although upon his consent and request, was illegal, and the judgment of conviction was reversed.

Trial by jury is an ancient and well-established landmark in our jurisprudence. No person devoted to Anglo-Saxon justice would destroy or impair its efficacy. It passes on the facts and not the law.

The limitation by section 188 of an accused's rights to a jury trial in requiring that he state when he is arraigned and puts in his plea that he desires a jury trial and unless he does so waives his right to it is arbitrary, capricious and unreasonable.

Whether by inadvertence, mistake or otherwise a defendant fails to demand a jury trial precisely when issue is joined, the penalty of an absolute denial of a jury at all is too great. It is a snare and a trap for the unwary. Such a denial may well deprive a person of his liberty and I hold that it does so in violation of the due process section of our Constitution. Hence, section 188 of the Second Class Cities Law further is also unconstitutional in that it is inconsistent, derogatory and opposed to section 702 of the Code of Criminal Procedure, which provides in a Court of Special Sessions for a jury trial and definitely states when and how it may be had in a Court of Special Sessions. (State Const. art. 1, § 6.)

While it is true that the Constitution of the State of New York does not provide for a trial by jury in criminal actions involving petty offenses it is equally true that section 6 of article 1 of the Constitution provides that no person shall be deprived of his life, liberty or property without due process of law. It is difficult to define with precision the exact meaning and scope of the phrase " due process of law." This much, however, is certain, that a person is not to be deprived of a right which is not only accorded to other suitors but which it would be error to refuse them. If a party is deprived of any right accorded to others, it is not due

process of law. Beyond contradiction or denial, any defendant in a criminal action pending before a Court of Special Sessions has the unqualified and absolute right to demand a jury trial by the Code of Criminal Procedure of the State of New York until testimony is actually taken. No one can seriously question the fact that the Police Court of the City of Troy is a Court of Special Sessions.

It is senseless, illogical and rank discrimination between suitors that a person charged with the same identical offenses as this defendant in the town of Brunswick, Rensselaer county, N. Y., and arraigned before a Court of Special Sessions in the town of Brunswick, has the right to elect to have a jury trial until the actual taking of testimony, while in the city of Troy, N. Y., coterminous with the town of Brunswick, this defendant arraigned before the same identically constituted Court of Special Sessions must elect to have a jury trial when he pleads not guilty or else he " waives " same because section 188 of the Second Class Cities Law says so. That statement is no answer. The courts have said in enforcing the protection guaranteed by the Constitution when sought to be invaded by the Legislature that " the Legislature is not vested with the power to arbitrarily provide that any procedure it may choose to declare such shall be regarded as due process of law. If it possessed that power, the guaranties of the Constitution would be rendered unavailing, and private rights of citizens would be within its absolute control." (*Colon* v. *Lisk*, 153 N. Y. 188, 195.)

It is what may be done and not what has been done that determines the constitutionality of an act of the Legislature. (*Riglander* v. *Star Company*, 98 App. Div. 101, 108.)

In conclusion, defendant should have the same rights, no more or no less, so far as procedure is concerned as any other person has when he is before a Court of Special Sessions for judgment.

Nothing whatever in this opinion is to be taken or construed in the slightest as reflecting in any way as to the fairness, the impartiality and ability of the police justice of the city of Troy, N. Y., whom this court has known for many years as a capable, upright public official. This application is decided solely and only on the legal grounds set forth herein and not otherwise.

Accordingly, I hereby certify that it is reasonable that the charges against the above-named defendant be prosecuted by indictment instead of before the police justice. Bail will be $1,000 on notice to the district attorney.