Roy CALDERONE, Respondent, v. PHILIP YOCHMOWITZ, Appellant.— Order denying motion by defendant to dismiss the amended complaint herein upon the ground that it fails to state facts sufficient to constitute a cause of action, affirmed, with $10 costs and disbursements, with leave to defendant to answer within ten days from the entry of the order hereon. Whether an implied easement for the use of the water in the well arose by reason of the sale, etc., can only be determined after a trial where all of the facts and circumstances and the true intention of the parties can be properly established by legal evidence. We merely hold that upon its face the amended complaint states a cause of action. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

JULIA DI MARTINO, Respondent, v. GABRIEL DI MARTINO, Appellant.— Orders of the Domestic Relations Court of the City of New York (Family Court), Queens County, directing appellant to pay $100 monthly for the support of his wife and infant daughter, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ.

SALVATORE T. GAMBINO, Appellant, v. CITY OF PEEKSKILL, Respondent.— Action to recover a sum of money claimed to be due to the plaintiff as salary as a City Judge of the City of Peekskill, claimed to have accrued during the years 1941, 1942 and 1943. Plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice. The motion was denied and plaintiff appeals. Order modified on the law by adding thereto a provision dismissing the complaint and awarding judgment to the defendant. As thus modified, the order is affirmed, without costs. The plaintiff, as a City Judge under the charter of the City of Peekskill (L. 1938, ch. 194), is not a police justice and, therefore, section 78 of the Code of Criminal Procedure does not disable the City Council from assuming to reduce his salary pursuant to the power granted to it under the City Charter. (*People* v. *Kraft*, 229 App. Div. 281; *Wear* v. *Truitt*, 173 App. Div. 344; *Haggerty* v. *City of New York*, 267 N. Y. 252; *Matter of Abrams* v. *La Guardia*, 287 N. Y. 717.) The case of *Matter of Birmingham* v. *Abrams* (240 App. Div. 995) is not to the contrary. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.